698 So.2d 943 (1997)
Jennifer BAKOS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1765.
District Court of Appeal of Florida, Fourth District.
September 17, 1997.
*944 Richard L. Jorandby, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
MAY, MELANIE G., Associate Judge.
The single issue in this appeal is the amount of restitution awarded to the victim in this case. The appellant pled no contest to a four-count Information that had alleged grand theft, grand theft auto, fraudulent use of a credit card, and exploiting an elderly person. The Information alleged that the appellant had lived with the victim as a caretaker. Over a specific period of time, including a period where the victim was hospitalized, the appellant had taken and/or used items belonging to the victim without her permission.
The appellant admitted that she owed restitution for certain items, but raised three reasons why she should not be held responsible for certain enumerated items for which the victim sought restitution. First, she argued that the value of some items was not proven; second, some of the missing items fell outside of the dates alleged in the Information; and third, the evidence did not support the defendant having taken certain items.
We have reviewed the laundry list of items and the testimony presented in support of the requested restitution. After sorting through the wash, we find that the appellant's position is consistent with the law on restitution as to a number of the items at issue. As to the items enumerated below and for the reasons set forth below, we reverse in part.
Section 775.089 provides for restitution "caused directly or indirectly by the defendant's offense." Fla. Stat. § 775.089(1)(a) (1995). The State must establish by a preponderance of the evidence that a significant relationship existed between the loss and the defendant's actions. Moore v. State, 623 So.2d 842 (Fla. 5th DCA 1993). Restitution cannot be awarded for losses which occur outside the time alleged in the Information. Stewart v. State, 629 So.2d 982 (Fla. 5th DCA 1993). And, while the Court is not restricted to fair market value in determining restitution, it should consider the fair market value through direct testimony or evidence of the original cost, the use of the item, and its condition at the time of the theft. State v. Hawthorne, 573 So.2d 330 (Fla.1991); Domaceti v. State, 616 So.2d 1148 (Fla. 4th DCA 1993).
The victim claimed restitution for a gold herringbone bracelet and two necklaces that were purchased approximately ten years ago for $100 apiece. The victim testified to the original cost at which she also currently valued the items, but there was no testimony as to the depreciation of the items or their condition at the time of the theft. The victim testified that a pair of heart-shaped earrings had been purchased by her husband for $180. The victim also claimed restitution for another seven pairs of gold earrings. In support of her claim on these "other" earrings, she testified that "they were all good earrings and they were the only ones I had, and there was no earrings left in my jewelry box at all when I got out of the hospital." There was no testimony concerning their purchase price, condition, or value at the time of the theft.
We find the testimony concerning the bracelet, the two necklaces, and the heart-shaped earrings sufficient for value purposes to sustain the restitution award. Hawthorne, 573 So.2d at 330; Anderson v. State, 649 So.2d 890 (Fla. 2d DCA 1995). However, the evidence concerning the "other gold earrings" was insufficient to establish value and for that reason, the award for this amount is reversed.
The victim claimed restitution for a check written by the appellant in the amount *945 of $500 on the victim's account. However, the theft did not occur during the time alleged in the Information. As such, this item is not recoverable. Mansingh v. State, 588 So.2d 636 (Fla. 1st DCA 1991); Stewart, 629 So.2d at 982.
The victim also claimed restitution for a check for $100, a $177 cash refund from Walgreens, and $240 in cash missing from her wallet. The testimony clearly revealed that persons other than the appellant had access to the areas where these checks and monies had been kept and there was no evidence linking this defendant to those missing items. In addition, while there was sufficient testimony concerning the value of the heart-shaped earrings, no one could establish that the appellant had ever been seen with them. These earrings were also kept in an area where persons other than the appellant had access. For this reason and under the authority of Moore and Mansingh, these items should be deleted from the restitution awarded to the victim.
The restitution order and judgment is therefore reversed in part, and the cause remanded to the trial court to correct the amount of restitution awarded consistent with this opinion.
REVERSED IN PART and REMANDED.
GUNTHER and FARMER, JJ., concur.