PER CURIAM.
Andre Jackson appeals from a restitution order, after having pled no contest to a charge of second degree arson in the burning of a house belonging to victim, Eugene Gol-lett. At the time Jackson set fire to the house, it was boarded up, vacant, and uninsured. At the sentencing hearing, Mr. Gol-lett testified that a contractor advised him to remove the ruins of the house, which would cost approximately $4,000, and that to rebuild it would cost $51,000. While Jackson stipulated that he would pay Mr. Gollett restitution in the amount of $12,710, the appraised fair market value of the home based on Mr. Gollett’s testimony, the court ordered Jackson to pay Mr. Gollett $51,000. We reverse.
Section 775.089(1)(a), Florida Statutes (1997) provides for restitution “caused directly or indirectly by the defendant’s offense.” The State must establish by a preponderance of the evidence that a significant relationship existed between the loss and the defendant’s actions. Bakos v. State, 698 So.2d 943, 944 (Fla. 4th DCA 1997). Thereafter, the trial court has discretion to consider “any appropriate factor in arriving at a fair amount which will adequately eompen- *603 sate a victim for Ms or her loss and further the purposes of restitution.” Glaubius v. State, 688 So.2d 913, 915 (Fla.1997) (citations omitted). While the court is not restricted to fair market value in determining restitution, it should consider the fair market value through direct testimony or evidence of the original cost, the use of the item, and its condition at the time of the theft. Bakos, 698 So.2d at 944; State v. Hawthorne, 573 So.2d 330 (Fla.1991).
In this case, the state met its burden in showing, by a preponderance of the evidence, a significant relationsMp between the loss and Jackson’s actions. Put simply, had Jackson not set fire to Mr. Gollett’s house, it would not have burned down. However, we believe the restitution order was in error and overcompensated Mr. Gollett for his loss. While restitution should compensate the victim, it must also serve the rehabilitative, deterrent, and retributive goals of the criminal justice system. A 20-year-old defendant like Jackson has limited employment prospects after he completes Ms 54-month prison sentence for tMs offense. Ordering him to pay significantly more than the fair market value of a vacant, non-income producing house does not serve such goals. Since the appraised value of the house includes the land on which it was located, wMch still remains, we believe the court abused its discretion in setting the award. We, therefore, reverse and remand this case for the trial court to redetermine an appropriate amount of restitution, consistent with this opirnon. On remand, the trial court may, if it so chooses, take additional evidence.
REVERSED and REMANDED in accordance with this oprnion.
POLEN, STEVENSON and SHAHOOD, JJ., concur.