942 So.2d 415 (2006)
Victor Lamont JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-4928.
District Court of Appeal of Florida, Second District.
October 6, 2006.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant *416 Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Victor Lamont Johnson raises four issues in this appeal of his convictions and sentences for fleeing and eluding, leaving the scene of an accident with injuries, and driving with a suspended license. We affirm on two issues, which we write to explain, and reverse on two issues, but only for the purpose of striking duplicate court costs and investigative fees.
In his first issue, Johnson, citing Wright v. State, 446 So.2d 208 (Fla. 3d DCA 1984), claims that his trial counsel provided ineffective assistance in failing to seek to sever the driving with a suspended license charge, which was irrelevant to the other two charges. An ineffective assistance of trial counsel claim is cognizable on direct appeal only if the error is apparent from the face of the record. See Forget v. State, 782 So.2d 410, 413 (Fla. 2d DCA 2001) (citing Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla.1987) ("holding that a defendant may raise the issue of ineffective assistance of counsel on direct appeal when `the ineffectiveness is apparent on the face of the record and it would be a waste of judicial resources to require the trial court to address the issue'")). Here, the error was not apparent on the face of the record. Trial counsel's decision not to seek severance could have been a strategic one. This is a factual question that cannot be determined solely on the basis of the trial record. See Healey v. State, 556 So.2d 488, 489 (Fla. 2d DCA 1990). Thus, we affirm on this issue. Johnson may raise this claim in a Florida Rule of Criminal Procedure 3.850 motion. See Havis v. State, 555 So.2d 417 (Fla. 1st DCA 1989).
Johnson's second and third issues are interrelated and will be discussed together. At sentencing, the trial court orally imposed total investigative costs of $252, but entered $252 investigative costs for each of counts one and two on the written sentences. Similarly, the trial court orally imposed total court costs of $450 but entered $450 court costs for each of counts one and two on the written sentences. Johnson claims this was error for two reasons: (1) there was no evidentiary basis established to support the costs and (2) the trial court did not state a statutory basis to contradict its oral pronouncements. Johnson preserved this claim through his motion to correct sentencing error, which was deemed denied. Wilson v. State, 902 So.2d 340 (Fla. 2d DCA 2005).
The State concedes that the double court cost imposition was error. The State argues that because Johnson failed to object at sentencing to the investigative costs, he waived this error. At sentencing, Johnson stood mute when the State announced it was seeking investigative costs of "$252 to St. Petersburg Police Department." While Johnson's silence can reasonably be interpreted as acquiescence, it is only acquiescence as to the single amount claimed. Accordingly, we reject the State's claim that the double investigative cost error was waived. On remand, the judgments and sentences must be corrected to clearly reflect total court costs of $252 and investigative costs of $450 for both counts.
Finally, we turn to Johnson's last issuethat restitution was imposed without the presentation of evidence, a hearing, or a waiver of these requirements. The standard of review of a restitution order is abuse of discretion. State v. Hawthorne, 573 So.2d 330, 333 (Fla.1991). Section 775.089(7), Florida Statutes (2004), in pertinent part provides:
Any dispute as to the proper amount or type of restitution shall be resolved *417 by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the state attorney. . . . The burden of demonstrating such other matters as the court deems appropriate is upon the party designated by the court as justice requires.

(Emphasis supplied.)
Here, the State provided the defense with a notice of restitution prior to trial, the specific amount sought was announced at sentencing, and the trial court ordered this amount and allowed Johnson thirty days thereafter to object. Johnson never objected to restitution before or at sentencing. He first raised the issue some eight months later in his motion to correct sentencing error. In that motion, Johnson argued only that the State failed to comply with the statutory hearing requirement. § 775.089(7). The record is clear that Johnson was offered the opportunity for a hearing but failed to seek such within the allotted time. "Rather, he chose to silently accept the court's resolution of the questions concerning the amount of restitution. . . . Under these circumstances, the trial court's order of restitution will not be reversed. . . ." Goodson v. State, 400 So.2d 791, 793 (Fla. 2d DCA 1981). Because Johnson failed to object, despite notice and an opportunity, he waived any right he may have had to a further restitution hearing.[1]
In conclusion, we affirm the trial court's order denying Johnson's ineffective assistance of counsel claim because it cannot be raised in this direct appeal; we affirm the trial court's order of restitution; but we reverse and remand for the entry of amended judgments and sentences reflecting concurrent court costs and investigative costs.
Affirmed in part, reversed in part, and remanded to the trial court with instructions to enter amended judgments and sentences.
FULMER, C.J., and WALLACE, J., Concur.
NOTES
[1] Where the payment of restitution is imposed as a condition of probation, determination of an accurate amount is important because the issue of the probationer's ability to pay may arise in proceedings for revocation of probation. Here, Johnson's restitution was imposed only as a lien.