944 So.2d 524 (2006)
Thomas BENNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2479.
District Court of Appeal of Florida, Fourth District.
December 20, 2006.
Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, Thomas Bennett, appeals a final judgment and conviction for extortion. Following threats and demands for money made to a victim, Bennett was charged with one count of extortion and was adjudicated guilty in a bench trial. Bennett was sentenced to five years in prison, followed by two years of community control, followed by three years of probation. The trial court also ordered Bennett to pay $115,000 in restitution, and immediately converted this into a civil lien. Bennett argues that the State did not produce legally sufficient evidence proving the amount of restitution actually owed as a result of his conviction for extortion. Bennett argues that the award of restitution was based solely on speculative testimony, rather than concrete or documentary evidence. We agree, and reverse and remand for the trial court to conduct a new evidentiary hearing to determine the appropriate amount of restitution.
The trial court's order on restitution is reviewed using an abuse of discretion standard. Koile v. State, 902 So.2d 822, 824 (Fla. 5th DCA 2005). "The burden of proving the amount of restitution is on the State, and the amount must be proved by a preponderance of the evidence. Restitution must be proved by substantial competent evidence." Id. "Such evidence must be established through more than mere speculation; it must be based on competent evidence." Glaubius v. State, 688 So.2d 913, 916 (Fla. *526 1997). A victim's testimony, without documentation, is not enough to support an award of restitution. See State v. Schuette, 782 So.2d 935, 937 (Fla. 4th DCA 2001).
In this case, the private investigator hired by the victim testified:
Most of the money [the victim] paid to our people early on was to protect him and his family. I think the investigation phase was probably around between eighteen and twenty-thousand dollars. The protection phase including exchanging homes, hotels, and everything, I would guess he probably spent a hundred-thousand dollars.
(Emphasis added.) The victim testified: "I was out-of-pocket over a hundred-thousand dollars because of Mr. Bennett's actions against me." This testimony, without more, was not enough to support the trial court's award of $115,000 in restitution. Neither the private investigator nor the victim presented concrete evidence of these expenses, and the private investigator seemed unsure of exactly how much the investigation had cost. Guesstimates and speculative testimony are inappropriate evidence on which to base an award of restitution. While reasonable investigative costs are an appropriate basis for a restitution award, the amount of such costs must be established by more than speculative testimony. See Glaubius, 688 So.2d at 914-916.
We reverse the award of restitution and remand to the trial court with instructions to conduct an evidentiary hearing to determine the appropriate amount of restitution.
KLEIN and MAY, JJ., concur.