STRINGER, Judge.
Rudolph Winborne, Jr., seeks review of his judgments and sentences in two separate cases for aggravated battery, felonious possession of a firearm, and two counts of tampering with a witness. Counsel filed briefs pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and In re Appellate Court Response to Anders Briefs, 581 So.2d 149 (Fla.1991). We affirm both of Winborne’s convictions and affirm his sentence in circuit court case number 04-17086 but reverse and remand for reconsideration of the costs imposed in circuit court case number 04-10955.
In case number 04-10955, the trial court orally pronounced court costs of $650 as a judgment lien and investigative costs of $19.75 as a judgment lien. Winborne waived formal pronouncement of each of the court costs and “formal offer of proof on the judgment lien for investigative] costs.” The judgment and sentence imposes costs of $669.75 on count one and costs of $650 on count two “concurrent with” count one. These costs are imposed as judgment liens. However, the court also rendered a separate judgment for fine and costs imposing total costs of $709.75 and requiring that the costs be recorded as a judgment.
Winborne filed a motion to correct sentencing error asserting that the sentences in case number 04-10955 were illegal because the costs were ordered per count instead of per case and the costs imposed in the judgment for fine and costs did not comport with the oral pronouncement. That motion was not ruled upon within sixty days and was thus deemed denied. Fla. R.Crim. P. 3.800(b)(2)B. The discrepancies in the judgment for fine and costs, the judgment and sentence, and the court’s oral pronouncement require reversal.
It does not appear that the court intended to impose costs per count in the judgment and sentence because it ordered the costs on count two “concurrent with” count one. However, the judgment and sentence could be construed to impose costs on both counts, which is improper. See Johnson v. State, 942 So.2d 415, 415 (Fla. 2d DCA 2006). Even if the judgment and sentence did not impose double costs, it is at odds with the separate judgment for fine and costs, which appears to be at odds with the court’s oral pronouncement. Accordingly, we reverse Winborne’s sentence in ease number 04-10955 and remand for reimpo-sition of costs as orally pronounced and entry of an amended judgment and sentence.
Affirmed in part; reversed in part; and remanded.
CASANUEVA and LaROSE, JJ., Concur.