LaROSE, Judge.
The trial court adjudicated G.M.H. delinquent for burglary of a dwelling and grand theft of a dirt bike. G.M.H. challenges an order awarding restitution to the victim in the amount of $1062. He argues that there is insufficient evidence to support this award.
Section 775.089, Florida Statutes (2007), provides, in pertinent part, as follows:
(6)(a) The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense.
[[Image here]]
(7) Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the state attorney....
The victim bought a used 2003 Suzuki lOOcc dirt bike for $1350. The victim and his mother identified the bike in photographs taken before its theft and after it was recovered. The recovered bike’s frame, side panels, rear fender, tires, handlebars and grips, exhaust pipe, silencer, and brake lever were damaged. A helmet, goggles, and kickstand were missing. The engine was leaking gasoline.
The victim’s mother testified that they spent $245 to replace the tires, kickstand, helmet, and goggles. Although she did not remember what they paid to replace the handlebars and brake lever, she said she had found internet prices of $199 for the handlebars and $14.99 for the brake lever. They did not repair the remaining damage. Instead, they traded the bike six months later for a used 2004 Suzuki 80cc dirt bike *730 of “equal book value.” No documentation of the book value was presented.[1]
Based on her internet research conducted before making any repairs, the mother submitted a list of prices for all the needed repairs. She wanted $1062 in restitution. The trial court overruled G.M.H.’s hearsay objection to the damages evidence. The court set the restitution amount at $1062, reasoning that the victim would have incurred all of the repair/replacement expenses had he not traded the bike.
The State concedes that the restitution award must be reversed; the trial court should not have admitted the hearsay evidence. See T.J.N. v. State, 977 So.2d 770, 771-74 (Fla. 2d DCA 2008). However, the State argues that restitution should include any diminution in the bike’s value before it was traded. Generally, restitution is calculated based on the fair market value of the property at the time of the offense. Fletcher v. State, 800 So.2d 309, 310 (Fla. 2d DCA 2001). “Where stolen property is recovered, the amount of restitution ordered must be offset by the salvage value of the property returned.” Bowman v. State, 698 So.2d 615, 616 (Fla. 2d DCA 1997).
We reverse and remand for a new restitution hearing at which the State may present admissible evidence of the amount of loss sustained by the victim. See Williams v. State, 850 So.2d 627, 628 (Fla. 2d DCA 2003) (holding that the State can meet its burden by presenting testimony of a witness with knowledge of damages or by presenting documentary evidence); I.M. v. State, 958 So.2d 1014, 1016 (Fla. 1st DCA 2007) (holding that victim’s opinion is sufficient if victim has personal knowledge of value; written estimates may suffice if they satisfy business record requirements or are uncontested).
Reversed and remanded.
WALLACE and CRENSHAW, JJ., Concur.

. ”[T]he value of a vehicle may vary substantially based upon numerous facts that may or may not be reflected in such [used car value] guides.” Walentukonis v. State, 932 So.2d 1136, 1137 (Fla. 2d DCA 2006).