MAY, J.
 

 The defendant appeals a restitution order entered following her plea to grand theft. She argues the court erred in awarding restitution without legally sufficient evidence to support the value of the items taken. We disagree and affirm.
 

 The State charged the defendant with one count of grand theft between $20,000 and $100,000. The defendant entered a no contest plea. The trial court withheld adjudication, sentenced her to five years probation, and subsequently entered a restitution order.
 

 At the restitution hearing, the victim testified concerning the several pieces of jewelry stolen from her: a gold wedding band, a diamond wedding band, a diamond and gold circle ring, a 2.5 carat diamond set in a diamond band, a diamond tier necklace, a gold anklet, a tennis bracelet, a pair of diamond hoop earrings, diamond studs, a diamond heart with a gold mesh chain, 104 Susan B. Anthony coins, and a large circle of diamonds on a chain.
 

 The victim testified that the gold wedding band was purchased for about $400 in 1972. She found a comparable one costing approximately $1800. She testified that gold was $100 an ounce in 1972 and was now $900 an ounce.
 

 The diamond wedding band was purchased in 1972 for about $2,500, and the ring is currently being sold for $4,800. However, the original wedding band could not be replaced exactly because only two were made.
 

 The diamond and gold circle ring was purchased around 1982 for about $1,800. She found a comparable replacement for approximately $2,800. The 2.5 carat diamond set was purchased around 1974 for about $4,000. She found a comparable replacement for approximately $7,200.
 

 The diamond tier necklace was purchased in 2002 for $2,200; it now sells for about $2,800. The gold anklet was purchased in 2006 for $250, and the comparable replacement was about the same price. The tennis bracelet was purchased around 1998 for about $1,200; a comparable replacement was $1,500.
 

 The diamond hoop earrings were purchased for $1,000 in 2000 and would cost about $1,400 to replace. The 1.5 carat diamond studs were purchased in 1977 for $2,000 with a comparable replacement costing $2,900. The diamond heart with the gold mesh chain was purchased in 1997 for approximately $2,200 with a comparable replacement priced around $2,800.
 

 The 104 Susan B. Anthony coins were worth $104. The diamond circle necklace was purchased around 2004 for about $2,500, and is currently worth about $2,900.
 

 The victim based the original purchase prices on personal knowledge and information from her husband, who also testified at the hearing. She obtained comparable values from research she conducted online and at Kay Jewelers.
 

 The trial court awarded restitution as follows:
 

 
 *88
 
 At this point, the Statute 775.089 requires the Court to order restitution for any victim in the case. I find that Mrs. Baer is the victim in the case. Pursuant to the statute, I have considered this evidence, this testimony, and the arguments that [defense counsel] makes. He makes good arguments. I think there is more here than just simple hearsay. I think also that a bit of common sense needs to be used in evaluating these issues.
 

 The Court will grant the State’s motion for restitution. I have added it up. I will base it on replacement value as testified to by Mr. and Mrs. Baer. You can add it up if you think it’s different; either side. I did add it up twice to make sure the number was correct.
 

 It’s $1,800 for the gold wedding band; $4,800 for the diamond wedding band; $2,800 for the diamond gold circle ring; $7,200 for the 2.5 diamond set in a diamond band; $2,800 for the diamond tier necklace; $250 for the gold anklet; $1,600 for the tennis bracelet; $1,400 for the diamond hoop earrings; $2,900 for the diamond studs; $2,800 for the diamond heart with gold mesh necklace; $2,900 for the large circle necklace diamond, and $104 for (104) $1 Susan B. Anthony coins.
 

 The Court finds that this is the loss to the victim, based upon the crime for which Ms. Gonzalez has plead [sic] and been sentenced for. I total that up and find that total to be $31,354. I will order restitution payable to Mrs. Baer in that amount.
 

 I note the defendant’s objection. That objection is overruled. The defendant is on probation for 60 months. I will order that payable in equal monthly installments.
 

 The defendant now appeals the restitution order, arguing the trial court erred in entering the order because the evidence was legally insufficient. We disagree.
 

 We review trial court restitution orders for an abuse of discretion.
 
 Bennett v. State,
 
 944 So.2d 524, 525 (Fla. 4th DCA 2006).
 

 The State bears the burden of proving the amount of restitution, which “must be proved by a preponderance of the evidence” and supported “by substantial competent evidence.”
 
 Id.
 
 (quoting
 
 Koile v. State,
 
 902 So.2d 822, 824 (Fla. 5th DCA 2005)).
 

 A victim is generally qualified to testify as to the value of his or her property.
 
 Atl. Coast Line R. Co. v. Sandlin,
 
 75 Fla. 539, 78 So. 667, 668-69 (1918). Sometimes, however, the property’s market value does “not adequately reflect the victim’s loss,” particularly a family heirloom.
 
 State v. Hawthorne,
 
 573 So.2d 330, 333 (Fla.1991).
 

 The defendant, however, argues error in the trial court’s reliance on replacement value instead of fair market value, citing
 
 Molter v. State,
 
 892 So.2d 1115 (Fla. 2d DCA 2004). We disagree.
 
 Molter
 
 actually affirmed the trial court’s rejection of fair market value as the only measure of value for restitution purposes.
 
 Id.
 
 at 1118-19.
 

 The defendant further argues error in reliance on speculative hearsay testimony.
 
 See Bennett,
 
 944 So.2d at 524. In
 
 Bennett,
 
 we held the testimony was insufficient to support the award of $115,000 in restitution.
 
 Id.
 
 at 526. However, unlike
 
 Bennett,
 
 here the victim’s testimony was neither speculative nor based on hearsay.
 

 We have reviewed this court’s opinions on restitution. They reveal consistent rules on the competency and legal sufficiency of victim testimony to support restitution.
 

 
 *89
 
 First, a victim’s mere opinion testimony on the value of stolen property is insufficient.
 
 Soriano v. State,
 
 968 So.2d 112, 114 (Fla. 4th DCA 2007) (citing
 
 Rodriguez v. State,
 
 956 So.2d 1226, 1231 (Fla. 4th DCA 2007)). A victim must have a sufficient predicate upon which to base his or her opinion on the value of items stolen.
 
 Peters v. State,
 
 555 So.2d 450, 451 (Fla. 4th DCA 1990). Catalog prices alone are insufficient to establish a sufficient predicate.
 
 Fitzgerald v. State,
 
 952 So.2d 1250, 1251 (Fla. 4th DCA 2007).
 

 Second, a trial court is not limited to, but may rely on, fair market value in ordering restitution.
 
 Wolff v. State,
 
 981 So.2d 651, 653 (Fla. 4th DCA 2008). “While the court is not restricted to fair market value in determining restitution, it should consider the fair market value through direct testimony or evidence of the original cost, the use of the item, and its condition at the time of the theft.”
 
 Jackson v. State,
 
 711 So.2d 602, 603 (Fla. 4th DCA 1998) (citing
 
 Bakos v. State,
 
 698 So.2d 943, 944 (Fla. 4th DCA 1997)).
 
 But see, Wolff,
 
 981 So.2d at 653 (finding the trial court erred in basing restitution on replacement value rather than fair market value).
 

 Third, a victim’s testimony on the value of items stolen or damages can be sufficient. AG.
 
 v. State,
 
 718 So.2d 854, 856 (Fla. 4th DCA 1998). But, it must be supported by documentation.
 
 Bennett,
 
 944 So.2d at 526.
 

 Fourth, restitution is designed to make the victim whole.
 
 Yaun v. State,
 
 898 So.2d 1016, 1017 (Fla. 4th DCA 2005). “Where restitution is part of a plea bargain, it should be liberally construed in favor of making the victim whole.”
 
 Id.
 
 (quoting
 
 Hercule v. State,
 
 655 So.2d 1256, 1257 (Fla. 3d DCA 1995)).
 

 Here, the restitution order was supported by competent, substantial evidence. The victim and her husband both testified to the original purchase price of and the dates the jewelry was purchased. Their testimony was based on more than mere conjecture; it was supported by documented evidence. It constituted legally sufficient evidence to support the trial court’s award of restitution.
 

 Affirmed.
 

 GROSS, C.J., and CIKLIN, J., concur.