GERBER, J.
The defendant appeals from a restitution order arising from his sentences for burglary of a dwelling, grand theft, and false verification of ownership to a pawn broker following his guilty plea and agreement to pay restitution. The defendant argues that the circuit court erred in ordering restitution for four categories of items stolen from the victim: (1) a silver dollar collection; (2) a large coin bank’s contents; (3) four gold chains; and (4) coin collection books and their contents. As in the circuit court, the defendant argues that the state did not present competent, substantial evidence of the items’ value.
We agree with the defendant’s argument. As to the value of the silver dollars, the victim testified: “There were thirty silver dollars.... [T]hey were worth about a hundred twenty dollars. I can’t give you an exact [amount] because we had been collecting them for about thirty years.” (emphasis added). As to the contents of the large coin bank, the victim testified that the coin bank “was full”; she “couldn’t get any more coins in it”; and it contained “about six hundred dollars.” (emphasis added). As to the four gold chains, the victim testified that two chains were fourteen karat gold and two chains were eighteen karat gold; they had lengths of “thirteen, twenty, twenty-four, and thirty”; and she would have to “guesstimate” their worth as “about sixty-five hundred dollars.” (emphasis added). As to the coin collection books and their contents, the victim testified that there were “probably four” books; each book was “about three-quarters full” of quarters; and the value “was probably a hundred dollars.” (emphasis added).
“A victim is generally qualified to testify as to the value of his or her property.” Gonzalez v. State, 40 So.3d 86, 88 (Fla. 4th DCA 2010). Here, however, as the victim’s emphasized words show, her mere opinion testimony regarding the items’ value was speculative. Such speculative opinion testimony does not constitute competent, substantial evidence to support a restitution order as to those items. See Hunter v. State, 48 So.3d 174, 175 (Fla. 4th DCA 2010) (“Restitution must be proved by substantial, competent evidence and this evidence must be greater than mere speculation.”) (citation omitted); Gonzalez, 40 So.3d at 89 (“[A] victim’s mere opinion testimony on the value of stolen property is insufficient. A victim must have a sufficient predicate upon which to base his or her opinion on the value of items stolen.”) (internal citations omitted); Bennett v. State, 944 So.2d 524, 526 (Fla. 4th DCA 2006) (“Guesstimates and speculative testimony are inappropriate evidence on which to base an award of restitution.”); Miller v. State, 833 So.2d 318, 319 (Fla. 2d DCA 2003) (state failed to establish the amount of the victim’s coin *397 collection based on the victim’s son’s “speculative opinion testimony” that “[t]he collection had never been appraised or insured, and ... [although he knew what denominations of coins made up the collection, he was unaware of the amounts of each particular coin and whether the bags contained similar amounts”).
Based on the foregoing, we reverse the restitution order to the extent it includes amounts for the items discussed above, and remand for a new evidentiary hearing on those items. See, e.g., Bennett, 944 So.2d at 526 (“We reverse the award of restitution and remand to the trial court with instructions to conduct an evidentiary hearing to determine the appropriate amount of restitution.”). We note that the defendant does not contest the restitution order to the extent it includes amounts for the victim’s gold coins and twenty rolls of quarters, which totaled $300.
As for the defendant’s argument that the circuit court fundamentally erred by conducting a restitution hearing in his absence based on his counsel’s waiver of his presence, we affirm as to that argument. See Schotsch v. State, 670 So.2d 127, 128 (Fla. 4th DCA 1996) (‘Without an objection to defendant’s absence having been raised at the restitution hearing, and in light of defendant’s plea agreement and defense counsel’s affirmative waiver, defendant did not properly preserve the issue. Due process is not implicated ... where there has been an agreement by defendant to pay restitution, notice and an opportunity to be heard, and an affirmative waiver.”) (internal citations omitted).

Affirmed in part, reversed in part, and remanded.

MAY, C.J., and TAYLOR, J., concur.