WOLF, J.
Appellant, DJR, challenges the trial court’s order awarding restitution specifically as it pertains to three computers that he took from a school. He argues the trial court erred in granting restitution in the *459 amount of the replacement value, rather than fair market value. We find that there was insufficient evidence to support the trial court’s award of replacement value for the three computers and reverse and remand for a new hearing.
The State has the burden to prove the amount of restitution by the greater weight of the evidence. See State v. Childers, 979 So.2d 412, 414 (Fla. 1st DCA 2008); § 775.089(7), Fla. Stat. Restitution must be proved by competent, substantial evidence. Childers, 979 So.2d at 414. We review a restitution order for an abuse of discretion. Id.
“Unless ‘special circumstances’ are shown, FMV [fair market value] (rather than replacement value) is the appropriate measure of damages in calculating restitution.” I.M. v. State, 917 So.2d 927, 934 (Fla. 1st DCA 2005) (citations omitted). See also State v. Hawthorne, 573 So.2d 330, 333 (Fla.1991) (finding “in most instances the victim’s loss and the fair market value of the property at the time of the offense will be the same,” although “we can foresee instances when the market value of the property would not adequately reflect the victim’s loss or when the consideration of the percentage of depreciation would be inequitable”). “[T]he restitution amount may not exceed the damage the criminal conduct caused the victim.” Gilileo v. State, 923 So.2d 612, 614 (Fla. 2d DCA 2006).
Here, the trial court awarded restitution in the amount of replacement value based on the testimony of the school principal that the computers contained instructional materials that took teachers hours to generate, and which would take them hours to recreate. However, the principal was unable to testify as to how many teacher work hours were lost or to put a monetary value on those hours. Therefore, there was not competent, substantial evidence to support the trial court’s finding that the theft of the computers cost the school “literally hundreds, if not thousands, of teacher hours,” or that the State’s request for restitution in the amount of replacement value was “low” in light of the lost teacher hours. Therefore, we reverse the award of restitution as to the three contested computers and remand for a new hearing, at which the State may present evidence of the number and value of lost teacher hours. See S.M. v. State, 665 So.2d 335 (Fla. 1st DCA 1995) (reversing and remanding for a new restitution hearing on several items for which the amount ordered by the trial court was not adequately supported by the evidence presented).
REVERSED AND REMANDED.
LEWIS, C.J., concurs; MAKAR, J., specially concurring with opinion.