DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**K.R.**, a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1283

[January 28, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos S. Rebollo, Judge; L.T. Case No. 12005115DL.

Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

K.R. appeals the trial court's order requiring him to pay $479 in restitution, arguing that the amount was based on speculation. We agree and reverse.

K.R. entered a plea to the charge of grand theft auto, was adjudicated delinquent, and was ordered to attend a commitment program. The trial court judge also ordered restitution and set a future restitution hearing date. At the restitution hearing, the victim testified that her vehicle was returned to her after it was stolen, but that it needed repairs. The victim's testimony regarding the amount she paid for repairs to the vehicle was as follows:

> THE COURT: How much did you have to pay to fix your car?
> [THE VICTIM]: All together I think it was *probably about* four hundred and something.
>
> . . . .

> THE COURT: How much damage to your car, ma'am?
> [THE VICTIM]: Yes.
> THE COURT: Four hundred and –
> [THE VICTIM]: Four hundred and – *I think* four hundred and seventy-nine.
>
> . . . .
>
> THE COURT: All right. What was the amount, again?
> [THE VICTIM]: *Probably* four hundred and seventy-nine.
>
> . . . .
>
> THE COURT: You don't know how much you paid?
> [THE VICTIM]: Yeah. It was like – I know *it was like* four hundred and seventy-nine, plus like there would be no tax.

(emphasis added).

After the foregoing exchanges regarding the amount that the victim paid to repair the vehicle, K.R. objected to the court ordering $479 in restitution because the victim had no receipt verifying the amount to which she testified that she paid for the repairs, and also because her testimony was speculative. The trial court ordered K.R. to pay $479 and reduced the restitution to a civil lien. K.R. appeals the order of restitution.

Section 775.089(7), Florida Statutes (2012), states: "Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the state attorney." We review the trial court's order for an abuse of discretion. *Johnson v. State*, 942 So. 2d 415, 416 (Fla. 2d DCA 2006).

"Restitution must be proved by substantial, competent evidence and this evidence must be greater than mere *speculation*." *Hunter v. State*, 48 So. 3d 174, 175 (Fla. 4th DCA 2010) (emphasis added); *see also Wolff v. State*, 981 So. 2d 651, 653 (Fla. 4th DCA 2008). In this case, the victim's testimony regarding the amount she paid for the repairs to her vehicle was never more than a guess. All of her testimony regarding the $479 figure was preceded by "probably," "like," and "I think." These all indicate that the victim was not sure of the amount, but was providing her "guesstimate" of the amount she paid. Additionally, the trial court made oral pronouncements at the hearing acknowledging the testimony was probably speculative.

2

In *Hunter*, we held that it was error for the trial court to award restitution where "the victim testified that she paid $1000 for repairs to her home, but did not indicate what repairs were actually performed." 48 So. 3d at 175. Here, the victim did not testify about the repairs that were actually performed on her vehicle. Instead, in her testimony, she made general statements that repairs were made.

Since we reverse based on the speculative amount testified to by the victim, we do not address K.R.'s argument that the restitution award was also not supported by documentation. We therefore remand the case back to the trial court for a new restitution hearing. *See Siuda v. State*, 114 So. 3d 395, 397 (Fla. 4th DCA 2013) (citing *Bennett v. State*, 944 So. 2d 524, 526 (Fla. 4th DCA 2006)) ("[W]e reverse the restitution order to the extent it includes amounts for the items discussed above, and remand for a new evidentiary hearing on those items.").

*Reversed and remanded for a new restitution hearing.*

DAMOORGIAN, C.J., TAYLOR and CONNER, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

3