ALTENBERND, Judge.
S.M. appeals a restitution order that requires this juvenile to pay the victim $8629 for a stolen car. We disagree with the trial court that the State presented the predicate information needed to take judicial notice of an online “Kelley Blue Book” valuation of a used car under section 90.202(12), Florida Statutes (2012). Nevertheless, at least in the context of a restitution award arising from a theft, we conclude that the owner of the vehicle could express an opinion as to the value of her car. In so doing, she could base her opinion, in part, upon information obtained from such a website. In this case, the trial court did not actually take judicial notice of a value established by a website. Instead, it relied on extensive testimony from the owner that included information from the website. Accordingly, we conclude that the trial court’s award is supported by competent, substantial evidence presented by the owner of the vehicle and affirm.
On January 28, 2018, S.M. stole a 2010 Kia Rio LX. The car was never recovered. The State filed a petition for adjudication of delinquency against S.M. After the adjudicatory hearing and prior to the disposition hearing, the State filed a notice of intent to rely on the online Kelley Blue Book valuation, found on www.kbb.com, to prove the restitution amount for this vehicle. This court had previously reversed a trial court for taking judicial notice of such a valuation in a case where the procedure required by section 90.204, Florida Statutes (2004), had not been followed. See Walentukonis v. State, 932 So.2d 1136 (Fla. 2d DCA 2006). Thus, the trial court decided to delay the restitution hearing to allow the parties to be fully prepared. At the rescheduled restitution hearing on June 7, 2013, the trial court ultimately announced that it would take judicial notice of the car’s online valuation as a fact “not subject to dispute because [it is] capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned.” See § 90.202(12).
Under section 90.204(1), the trial court is required to give the parties an opportunity “to present information relevant to the propriety of taking judicial notice and to the nature of the matter noticed.” At a hearing to decide whether to take judicial notice, section 90.204(2) allows use of “any source of pertinent and reliable information” without requiring the information to be presented under the rules generally applicable to the introduction of evidence. See also Charles W. Ehrhardt, Florida Evidence § 204.2, at 95 (2014 ed.) (“Section 90.204(2) permits the court to use any source of pertinent and reliable information as long as it is relevant and not excluded by a valid claim of privilege.”). Despite the notice provided to both sides in this case, neither the State nor the defense presented this type of information. For example, there may be published studies or reports demonstrating that the Kelley Blue Book online site has a level of accuracy competitive with that of a court-recognized appraiser, but no such information was provided to the court. Alternatively, there may be evidence that this online source may be relied on by a high percentage of car traders, but that information was not provided to the court. There is little or no information in our record “relevant to the propriety of taking judicial notice” of this online service. Thus, if the court had actually taken judicial notice of the .valuation established by the service, we would almost certainly be required to reverse the order.
*968 Fortunately, after the trial court announced it would take judicial notice, the hearing took an interesting twist. The State called the owner of the car as its only witness. Judicial notice is a method by which facts are established without formal proof. Id. § 201.1. In this case, if the court had actually been taking judicial notice of the value of a 2010 Kia Rio LX in January 2013, the owner would merely have needed to provide the predicate testimony necessary to establish the factors required on the website to obtain a quote for the car. At that point, no additional proof would have been necessary to establish the car’s restitution value because the indisputable value would have been resolved by judicial notice.
But instead, the victim testified in great detail about her car. In addition to the information heeded by the website, she testified to the price for which she purchased the car, the detailed condition of the car, its interior, its exterior, its tires, and its brakes. She described how and when the car was driven. The court was reminded that, at the earlier juvenile proceeding, the victim had testified that she purchased the car in June 2011 for about $15,000 and that she still owed $12,500 on the car loan when the car was stolen. She purchased the car with about 30,000 miles on the odometer, and it was stolen before 50,000 miles.
While on the stand, the victim accessed Kelley Blue Book’s online site and entered all of the information necessary to obtain a valuation. The record contains her testimony about the various valuations obtained on the website for trade-in and private sale under several levels of condition. Although the owner believed the car was in very good condition, the trial court based its award on the Kelley Blue Book’s valuation for “good” condition and ultimately set restitution at $8629, which was not a number derived exclusively from the website.
A restitution hearing occurring after adjudication has similarities to a civil hearing.[1] On behalf of the victim, the State must prove the amount of restitution by the greater weight of the evidence. See [D.J.R.] v. State, 139 So.3d 458, 459 (Fla. 1st DCA 2014). It must be proven by competent, substantial evidence. Id. Restitution value is generally calculated based on the fair market value of the property at the time of the offense, G.M.H. v. State, 18 So.3d 728, 730 (Fla. 2d DCA 2009), although the trial court ultimately has discretion in determining the amount of restitution. State v. Hawthorne, 573 So.2d 330, 332-33 (Fla.1991).
As the supreme court noted in Hawthorne, the owner of property is generally qualified to testify as to the fair market value of his or her property. Id. at 333 n. 6. But the owner’s competency to so testify depends on the owner’s familiarity with the property and its value. See B & B Tree Serv., Inc. v. Tampa Crane & Body, Inc., 111 So.3d 976, 978 (Fla. 2d DCA 2013).
Some of the factors the trial court should consider to determine fair market value through the owner’s direct testimony include the original cost of the item, the *969 use of the item, and its condition at the time of the theft. See Gonzalez v. State, 40 So.3d 86 (Fla. 4th DCA 2010). The trial court “shall” also consider “such other factors which .it deems appropriate.” Hawthorne, 573 So.2d at 333 (quoting section 775.089(6), Fla. Stat. (1987)).
In this case, the owner was completely familiar with her property, and she testified to all of the relevant factors. Ultimately, she testified that the property had a value in excess of the amount awarded by the court. Given the owner’s familiarity with the automobile, the trial court had the discretion to permit her to testify to its value even if she based her opinion of its value, in part, upon research of its market value that she had conducted outside the courtroom — including research on the internet. Cf. Phillips v. State, 141 So.3d 702 (Fla. 4th DCA 2014) (holding that the trial court erred in determining the restitution amount of various pieces of stolen jewelry based on hearsay evidence the owner obtained from websites where she did not purchase the items and had no first-hand knowledge of their purchase date, original value, or quality). Her use of online information, as compared to the types of information relied on by owners prior to the advent of the internet, does not render her testimony inadmissible. Nor does the fact that she demonstrated this research in the courtroom render her testimony inadmissible; it actually facilitated cross-examination.
S.M. had full notice of this hearing and the opportunity to both cross-examine the owner and call other witnesses to value the car. S.M. did not present conflicting evidence. We conclude that the trial court was within its discretion to admit the owner’s testimony, that the owner’s testimony constitutes competent, substantial evidence that supports the award, and that the trial court did not abuse its discretion in setting restitution in this amount.
Thus, we still do not reach the question of whether such a website can be an adequate source for true judicial notice. That said, cars are not a fungible commodity like a bushel of corn or a share of a publicly traded stock. With the advent of the horseless carriage, horse traders became used car salesmen, and since that time, little about used cars has been a matter whose accuracy could not be questioned. We are inclined to believe that judicial notice of the value of a used car may be an unattainable goal and that a knowledgeable owner may be a better source of competent testimony at a restitution hearing.
Affirmed.
SILBERMAN and WALLACE, JJ., Concur.

. There is always concern that the somewhat summary procedures employed at a criminal restitution hearing could result in an award greater than the victim might receive in a civil action. However, because this case involves a theft, in a civil action the victim could claim treble damages and attorneys' fees. See § 772.11(1), Fla. Stat. (2012). As a result, there is very little risk that a judge’s consideration of the online information as a partial basis for the owner’s valuation could lead to a restitution award that exceeded the possible judgment in the civil action.