DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**D.D.**, a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1495

[August 19, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elijah H. Williams, Judge; L.T. Case No. 12008214DL00A.

Carey Haughwout, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

D.D. appeals the trial court's order requiring him to pay $2500 in restitution after he entered a plea of no contest to the charges of burglary of a dwelling and grand theft. We agree with D.D. that the restitution award was based on speculation, and the trial court added an arbitrary depreciation value across-the-board, and therefore reverse.

At the restitution hearing, the victim of the burglary and theft testified regarding multiple items that were taken from his home, including two laptops and multiple pieces of jewelry, and to some damage inflicted upon his home during the taking. After this testimony, the State argued to the trial court that it had proved a value of $3,229.87, including the estimate for repairs. D.D. argued that the amounts testified to by the victim were speculative, and that there was no evidence of a depreciation value for the laptops. The trial court announced, "factoring in depreciation," that it would order $2500 in restitution.

"The standard of review of a restitution order is abuse of discretion." *Johnson v. State*, 942 So. 2d 415, 416 (Fla. 2d DCA 2006). "Restitution must be proved by substantial competent evidence." *Bennett v. State*, 944 So. 2d 524, 525 (Fla. 4th DCA 2006) (quoting *Koile v. State*, 902 So. 2d 822, 824 (Fla. 5th DCA 2005)) (internal quotation marks omitted). This means that "[t]he amount of restitution must be based on more than speculation." *Ritch v. State*, 14 So. 3d 1104, 1106 (Fla. 1st DCA 2009).

"Generally, the amount of restitution is established through evidence of fair market value at the time of the theft." *Soriano v. State*, 968 So. 2d 112, 115 (Fla. 4th DCA 2007). We have stated four factors for determining fair market value: "(1) the original cost, (2) the manner in which the items were used, (3) their general condition and quality, and (4) the percentage of depreciation." *Id.* (quoting *Domaceti v. State*, 616 So. 2d 1148, 1149 (Fla. 4th DCA 1993)) (internal quotation marks omitted).

In viewing the testimony regarding each of the items for which the State attempted to establish a fair market value, we determine that adequate testimony was provided for the trial court to have determined a fair market value of the Toshiba laptop, the Seiko watch, and two gold necklaces. As to all of the remaining items, the testimony was insufficient.

Additionally, the testimony regarding the repairs to the victim's home was inadequate. The victim testified that he *thought* the repairs would be a total of $400, but did not base this on any estimate. *See Tullis v. State*, 692 So. 2d 229 (Fla. 1st DCA 1997) (finding testimony insufficient where "the victim offered a 'guesstimate' of the cost of repairs to the wall and office door damaged by the bullet appellant fired, but he admitted that there was no basis for this estimate"). He also did not describe what repairs needed to be made. S*ee Hunter v. State*, 48 So. 3d 174, 175 (Fla. 4th DCA 2010) (holding that it was error for the trial court to award restitution where "the victim testified that she paid $1000 for repairs to her home, but did not indicate what repairs were actually performed.").

Finally, the trial court erred in decreasing the restitution award based on an arbitrary, across-the-board, cut to the amount that the State argued it proved in restitution. Instead, the trial court should have indicated the amount it was ordering for each of the items, or at least, each category of items.[1] Without this type of detail, we cannot separate what the State was

---

[1] We recognize that, in some cases, there will be a multitude of items for which restitution must be proven, and it may not be feasible or efficient for the trial court to list each and every item and what amount it is awarding specifically as to each. However, in those cases, the trial court should, at the least, indicate the

able to prove by sufficient evidence from what it was not able to so prove, as to the total amount awarded.  Additionally, since the trial court did not specify which items it was reducing based on depreciation, and did so as to only the total value, we reverse for a new restitution hearing as to all items. *Cf. Williams v. State*, 645 So. 2d 594, 595 (Fla. 2d DCA 1994) ("Since no documentary evidence was presented and since the amount of the award is unclear, the restitution award is reversed and a new restitution hearing is ordered.").

*Reversed and remanded.*

CIKLIN, C.J., CONNER, J., and BOORAS, TED, Associate Judge, concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

---

amount of the restitution award for the categories of items, i.e., jewelry, electronics, etc.