OSTERHAUS, J.
After David Allen Holt pled nolo conten-dere to trespassing and grand theft charges, the trial court held a restitution hearing to determine what Mr. Holt would pay back for stealing a plasma television and damaging the front door of the victim’s home. The final order set restitution for the television at $600. But because there was insufficient evidence to support the $600 restitution amount, we must reverse and remand for a new hearing.
I.
At the September 2015 restitution hearing, Sharon Griffin testified that a 50-inch Samsung Plasma television had been taken from her home in 2014. According to Ms. Griffin, she purchased the television, new, about three years before it was stolen and it was in “great shape.” However, when asked how much she purchased the television for, Ms. Griffin responded, “To be honest with you, I don’t know. I haven’t had a lot of time — we just got served yesterday for this, so I haven’t had a lot of time to look it up. I’m guessing— in memory, between six and seven hundred dollars.” Ms. Griffin did not provide a receipt for the television and no other evidence was provided as to its original cost. As for depreciation, Ms. Griffin testified that the television probably would have depreciated some but she did not have the training to know what that amount would be.
After Ms. Griffin testified, counsel for both parties searched the internet for the value of Samsung 50-inch plasma televisions in an attempt to establish the value of Ms. Griffin’s television at the hearing. But rather than reaching a definitive conclusion at the hearing, the trial court asked counsel to supplement the record regarding depreciation and the present value of the television. Neither party supplemented the record. Ultimately, the trial court issued an order setting restitution for the television at $600.
II.
In determining restitution, the State bears the burden to prove the amount of loss by the greater weight of the evidence. See DJR v. State, 139 So.3d 458, 459 (Fla. 1st DCA 2014); § 775.089(7), Fla. Stat. The amount of restitution is generally based on the fair market value of the property at the time of the offense. See Fernandez v. State, 98 So.3d 730, 731 (Fla. 2d DCA 2012). The State may establish fair market value by presenting direct testimony or evidence of (1) the original cost, (2) the manner in which the item was used, (3) the general condition and quality of the item, and (4) the percentage of depreciation. See State v. Hawthorne, 573 So.2d 330, 332-33 (Fla.1991); Mansingh v. State, 588 So.2d 636, 638 (Fla. 1st DCA 1991). A court is not tied to fair market value as the sole standard for determining restitution, but “may exercise such discretion as is required to further the purpose of restitution, which is to compensate the victim and to serve the rehabilitative, deterrent, and retributive goals of the criminal justice system.” Hagan v. State, 746 So.2d 1241, 1242 (Fla. 1st DCA 1999). “The amount of restitution must be based on more than speculation.... ” Ritch v. State, 14 So.3d 1104, 1106 (Fla. 1st DCA 2009); see Bennett v. State, 944 So.2d 524, 526 (Fla. 4th DCA 2006) (“Guesstimates and speculative testimony are inappropriate evidence on which to base an award of *457 restitution.”); K.R. v. State, 155 So.3d 507, 509 (Fla. 4th DCA) (holding that a victim’s testimony regarding the amount it cost to repair her stolen vehicle was legally insufficient to support a restitution amount when her testimony of the amount was preceded by the words “probably,” “like,” and “I think”).
Here, the State did not establish the original cost of the television. When asked how much she purchased the television for, Ms. Griffin testified, “I don’t know.” She then “guess[ed]” that it cost between six and seven hundred dollars. No other evidence was presented to establish the television’s original cost. Nor did the State establish the percentage of depreciation. Although the trial court found that the value of the television would have depreciated, counsel only referred to prices for other televisions found on the internet during the hearing. See Molter v. State, 892 So.2d 1115, 1117 (Fla. 2d DCA 2004) (“In general, it is error to accept an attorney’s unsworn assertions as evidence .... ”). We must therefore conclude that the $600 amount set by the restitution order was not supported by competent, substantial evidence.
III.
Accordingly, we reverse the $600 restitution award and remand for a new restitution hearing to determine the appropriate amount of restitution.
REVERSED AND REMANDED.
WOLF and LEWIS, JJ., concur.