DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES DONTA POPE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-2822

[December 3, 2025]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Ginger Lerner-Wren, Judge; L.T. Case No. 22008590MM10A.

Gordon Weekes, Public Defender, and Lisa S. Lawlor, Chief Assistant Public Defender, Fort Lauderdale, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Marcus Russell Kelly II, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

It's a matter of proof or lack thereof in this appeal from a restitution order. The defendant in an unlicensed contracting work case, pursuant to sections 489.127(1)(f), 489.127(2)(a), and 489.531(1)(a), Florida Statutes (2022), appeals a restitution order. He argues the record lacks competent, substantial evidence to support the trial court's findings. We agree and reverse.

- *The Facts*

The victim hired the defendant to build "two efficiencies in the backyard" of her home. According to the victim's testimony, she had been advised by someone from her church that the defendant was a licensed contractor. But, in fact, neither the defendant nor his company was licensed in Florida.

The victim gave the defendant "money every time he requested" it and "had him to sign a receipt for everything" paid. The victim claimed none of the work was satisfactory. According to victim, the walls were defective, "dirt's coming out the toilet, the walls – the toilet was pushed in the wall. You couldn't flush it." The work also included the construction of a fence.

The State had to refresh the victim's recollection to elicit her testimony that she paid the defendant "[a] hundred and two grand" cash for the work. The State used an investigative report purportedly prepared by a Florida Department of Business and Professional Regulation investigator. This report was introduced by the State during the restitution hearing over defense objection. Eventually, the victim paid for the structure to be demolished.

The defendant pleaded no contest and received a sentence of twelve months' probation. Restitution was reserved. The trial court held two days of hearings. At the conclusion of the hearing, the State argued:

> So, Your Honor, that -- just to reiterate, yes, I will just be relying on a series of handwritten contracts that I have here signed by the defendant and I have a totaling amount of 86,000 dollars of these handwritten contracts out of an outstanding 102,000 that we can't account for. The only thing I can account for is 86,000 at this moment in time.

The court reviewed the documents, but none of the documents were admitted into evidence.

The trial court issued a restitution order, finding the victim was elderly and disabled. The trial court found the victim "was presented with a series of handwritten contracts which together provided for the payment of $86,000.00." The trial court entered a restitution judgment for that amount as a condition of probation.

From this restitution order, the defendant now appeals.

- ***The Analysis:***

The defendant argues the trial court order requiring him to pay $86,000.00 in restitution must be vacated because it is unsupported by legally sufficient evidence. The State failed to admit any of the documents supporting the claim into evidence during the restitution hearing. As the defendant argues: "[T]he content of each document was not read into the record or otherwise identified." The defendant therefore argues the State

2

failed to meet its burden of proof. The defendant further argues the victim's "testimony did not provide substantial competent evidence" because she "could not answer the question as to how much she agreed to pay" the defendant. Finally, the trial court failed to explain how it arrived at $86,000 in restitution.

The State responds the restitution order should be affirmed because it "proved by a preponderance of the evidence that the loss and damage was [causally] connected to the [defendant's] offense of contracting without a license, and that the victim was entitled to the properly calculated and imposed restitution." The State suggests the victim testified as to the deficiency of the work and how much she paid. The State "informed the [trial] court that it accounted for $86,000" only, "despite the victim testifying that she had paid $102,000."

We review restitution orders for an abuse of discretion. *See D.D. v. State*, 172 So. 3d 969, 970 (Fla. 4th DCA 2015) (citing *Johnson v. State*, 942 So. 2d 415, 416 (Fla. 2d DCA 2006)).

Generally, "[r]estitution must be proved by substantial competent evidence." *D.D.*, 172 So. 3d at 970 (quoting *Bennett v. State*, 944 So. 2d 524, 525 (Fla. 4th DCA 2006)) (internal quotation marks omitted). "The amount of restitution must be based on more than speculation. . . ." *Ritch v. State*, 14 So. 3d 1104, 1106 (Fla. 1st DCA 2009) (citing *Glaubius v. State*, 688 So. 2d 913, 916 (Fla. 1997); *State v. Childers*, 979 So. 2d 412, 414 (Fla. 1st DCA 2008)).

Here, the victim testified she paid the defendant $102,000, but the State had to refresh her recollection to elicit her testimony, and it was not supported by any documentary evidence other than the self-reported loss in the investigator's report. And while it appears that the court looked at documents which the state represented to be "a series of handwritten contracts . . . signed by the defendant . . . totaling . . . 86,000 dollars," none of them were introduced into evidence. The State conceded in closing argument that it could account for only $86,000. Even so, the record fails to reflect evidentiary support for that amount. For this reason, we must reverse.

*Reversed and remanded for a new restitution hearing.*

GERBER and CONNER, JJ., concur.

*       *       *

3

*Not final until disposition of timely-filed motion for rehearing.*