842 So.2d 238 (2003)
Vincent Joseph ABOYOUN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2616.
District Court of Appeal of Florida, Second District.
April 9, 2003.
*239 James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Vincent Aboyoun appeals a restitution order and contends that the State failed to prove the value of the stolen items. The State concedes, and we agree, that a new restitution hearing is required to establish the value of four gold necklaces that were taken. The State correctly argues that the proof was sufficient to establish the value of the other items.
The victim testified during the original restitution hearing that the perpetrators took from him cash, four gold necklaces, two gold rings, two gold bracelets, new sneakers, and a car stereo system. He testified that he received the necklaces as gifts from his parents and that they told him how much they paid for these items. This was the only evidence offered to establish their value. The State properly concedes that this hearsay testimony was insufficient to establish value for restitution purposes. See Korica v. State, 791 So.2d 543 (Fla. 2d DCA 2001). Therefore, a new restitution hearing is appropriate to determine the fair market value of the necklaces. See id. at 544; Fletcher v. State, 800 So.2d 309, 311 (Fla. 2d DCA 2001).
With respect to the other gold jewelry, the victim testified from his personal knowledge as to the purchase price of the *240 two rings. He did not know the purchase price of the two bracelets, but he was able to testify concerning their value based on his experience shopping for and purchasing gold jewelry. He testified that all of the stolen jewelry was in good condition. The victim also gave his opinion as to the value of the stereo system, and he testified as to the cost of the sneakers that he had purchased on the day of the robbery.
In Korica, this court acknowledged that "[g]enerally, restitution should be based on the fair market value of the property, unless that amount will not fully compensate the victim." Korica, 791 So.2d at 544 (citing State v. Hawthorne, 573 So.2d 330 (Fla.1991)). In determining fair market value, the factors to be considered are purchase price, the manner in which the property was used, its condition, and depreciation. Id. Moreover, a property owner is generally qualified to testify regarding the fair market value of his or her property. Hawthorne, 573 So.2d at 333 n. 6.
In Bakos v. State, 698 So.2d 943, 944 (Fla. 4th DCA 1997), the Fourth District concluded that testimony from the victim regarding the purchase price of gold jewelry purchased ten years earlier, which she also opined was its current value, was sufficient to sustain the restitution award. Restitution for a pair of earrings was also upheld based on the victim's testimony as to their purchase price. Id.
Here, the victim's testimony regarding the rings and bracelets was sufficient to establish their value for restitution purposes. See id. Similarly, his testimony as to the value of the stereo system and sneakers, and the amount of cash that was taken, was sufficient to support the restitution award for those items. See Hawthorne, 573 So.2d at 333 n. 6; J.M. v. State, 661 So.2d 1285 (Fla. 4th DCA 1995).
Accordingly, we reverse the restitution order and remand for a new restitution hearing on the value of the four gold necklaces and for entry of a new restitution order consistent with this opinion.
Reversed and remanded.
STRINGER and CANADY, JJ., Concur.