WHATLEY, Judge.
M.M.S. appeals an order requiring him to pay restitution in the amount of $2500. The State concedes, and we agree, that the trial court improperly relied on hearsay evidence in determining the value of a stolen ring, and therefore, a new restitution hearing is necessary.
At the restitution hearing, the victim testified that the stolen ring had been a gift from her mother-in-law.[1] The victim obtained an estimate of the ring’s value from the store in Saint Thomas where the ring was purchased. There was no other evidence of the ring’s value. The State properly concedes that this hearsay testimony was insufficient to establish value for restitution purposes. See Aboyoun v. State, 842 So.2d 238 (Fla. 2d DCA 2003). Therefore, a new restitution hearing is necessary to determine the fair market value of the ring. See id. at 240 (holding that the value of stolen bracelets was established by a preponderance of the evidence where the victim testified that, although he did not know the purchase price of the. bracelets, he was able to testify concerning the bracelets’ value based on his experience shopping for and purchasing gold jewelry).
Accordingly, we affirm M.M.S.’s adjudication and disposition but reverse the restitution order and remand for a new restitution hearing.
SALCINES and VILLANTI, JJ., concur.

. The victim's mother-in-law is deceased.