948 So.2d 892 (2007)
Eric GONZALEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2834.
District Court of Appeal of Florida, Fifth District.
February 9, 2007.
James S. Purdy, Public Defender, and Ailene S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Eric Gonzalez appeals his conviction of dealing in stolen property in violation of section 812.019(1), Florida Statutes (2001). Mr. Gonzalez claims that the trial court erred by denying his motion to declare sections 812.019(1) and 812.012(8), Florida Statutes, unconstitutional, and by awarding $4,000 in restitution when the evidence did not support this amount. We affirm in part and reverse in part.
Prior to trial, Mr. Gonzalez filed a motion to declare sections 812.019(1) and 812.012(8), Florida Statutes (2001), unconstitutional, or, alternatively, to refashion section 812.019(1) in degrees in accordance with section 812.014, Florida Statutes *893 (2001). The trial court denied Mr. Gonzalez's motion, and Mr. Gonzalez pled nolo contendere to dealing in stolen property. A restitution hearing was subsequently held, at which the victim, Maria Lopez, testified. Ms. Lopez identified a number of items taken, which she valued at $3,125. Ms. Lopez also said that several other items were stolen, but that she did not know their value.
At the close of direct examination, the following exchange occurred:
[STATE:] Okay. SoI canI'll go ahead and tally up the number that you gave us. Do you have adid you do the math for yourself to believehow much do you think you're out of pocket from all of this?
[MS. LOPEZ:] Well, being that I can't remember everything, I say, probably about 4,000. . . .
Mr. Gonzalez objected, arguing that this line of questioning called for a speculative answer; however, the trial court overruled his objection. The State then requested $4,000 in restitution based on Ms. Lopez's estimate, or at least $3,125, based on the items she was able to identify and value during the hearing. Mr. Gonzalez again objected to this amount, arguing that Ms. Lopez did not provide sufficient testimony to support the value of the items. Once more, the trial court overruled the objection and ordered $4,000 in restitution. This appeal follows.
First, Mr. Gonzalez argues that sections 812.019(1) and 812.012(8), Florida Statutes, are unconstitutional.[1] "A trial court decision on the constitutionality of a state statute presents an issue of law that is reviewed by the de novo standard of review." Ocala Breeders' Sales Co. v. Fla. Gaming Ctrs., Inc., 731 So.2d 21, 24 (Fla. 1st DCA 1999); see also N. Fla. Women's Health & Counseling Servs., Inc. v. State, 866 So.2d 612, 626-27 (Fla.2003). There is a "strong presumption in the law that a state statute is constitutionally valid." Ocala Breeders' Sales Co., 731 So.2d at 24 (citing In re Estate of Caldwell, 247 So.2d 1 (Fla.1971)).
Mr. Gonzalez claims that section 812.019(1) is unconstitutionally overbroad because it criminalizes all trafficking in stolen property in the same manner, regardless of the amount of property involved. Mr. Gonzalez contrasts this statute with section 893.135, Florida Statutes, which criminalizes trafficking in a variety of controlled substances, including marijuana and cocaine, and provides penalties in relation to the amount of controlled substances at issue. Mr. Gonzalez posits that trafficking in stolen property should contain similar gradients. While an interesting argument, it does not relate to a statute's purported overbreadth, which occurs when a statute criminalizes conduct that is otherwise innocent conduct. See, e.g., Gonzalez v. State, 941 So.2d 1226, 1228 n. 1 (Fla. 5th DCA 2006). Trafficking in any amount of stolen goods is not innocent conduct; the fact that trafficking in a small amount of stolen goods is, according to Mr. Gonzalez, "relatively harmless," is of no consequence. See State v. Tomas, 370 So.2d 1142, 1143 (Fla.1979) (concluding *894 that "section 812.019(1) is not unconstitutionally overbroad, but is sufficiently confined in its applicability so as not to reach conduct that is essentially innocent").[2]
Next, Mr. Gonzalez contends that the trial court erred in ordering that he pay $4,000 in restitution when the evidence did not support that amount. Mr. Gonzalez claims that based on Ms. Lopez's testimony, the trial court could have ordered, at most, $3,125 in restitution. "The burden of proving the amount of restitution is on the State, and the amount must be proved by a preponderance of the evidence. Restitution must be proved by substantial competent evidence." Koile v. State, 902 So.2d 822, 824 (Fla. 5th DCA 2005) (citations omitted). "`Where restitution is part of a plea bargain, it should be liberally construed in favor of making the victim whole.'" Yaun v. State, 898 So.2d 1016, 1017 (Fla. 4th DCA 2005) (quoting Hercule v. State, 655 So.2d 1256, 1257 (Fla. 3d DCA 1995)).
Ms. Lopez testified as to the value of $3,125 worth of goods stolen from her home. Her testimony was sufficient to warrant restitution in that amount. See Aboyoun v. State, 842 So.2d 238, 240 (Fla. 2d DCA 2003) (holding that fair market value of stolen goods had been established by victim's testimony as to purchase price of two gold rings and a pair of sneakers, and his opinion as to value of a stereo and two gold bracelets, the latter of which was based on his experience shopping for and purchasing gold jewelry); Bakos v. State, 698 So.2d 943 (Fla. 4th DCA 1997) (determining that victim's testimony that her stolen property included a gold herringbone bracelet and two necklaces that were purchased ten years prior to burglary for $100 apiece and a pair of heart-shaped earrings had been purchased by her husband for $180 was sufficient for value purposes to sustain restitution award).
Ms. Lopez also testified to several stolen items of unknown value, including a 14-karat gold necklace and charm, sixteen rings, a bottle of cologne, and a radio. Ms. Lopez could not recall how much these items were worth or everything that was stolen, but estimated that, in total, she had lost $4,000 worth of goods in the burglary. The First District Court of Appeal dealt with a nearly identical scenario in Fisher v. State, 722 So.2d 873 (Fla. 1st DCA 1998). In Fisher, the victim testified that several items of jewelry had been stolen, but that she could not describe many of the pieces because she did not have her insurance inventory sheet with her at the restitution hearing. The victim estimated that she had lost a total of $2,714 in jewelry and specifically described four pieces of jewelry and testified that their total value was $510. The first district court determined that based solely on the victim's testimony, there was insufficient evidence to support a restitution award for the jewelry of more than $510. Specifically, the court concluded that:
In a case such as this, where some items of jewelry were identified and a value placed on them, where other items of jewelry were identified but no value placed on them, and where other jewelry *895 was not identified at all, the State must produce some specific evidence or testimony as to the nature and value of the pieces claimed to have been taken.
While the owner of property is generally determined to be competent to testify as to the value of lost property, State v. Hawthorne, 573 So.2d 330, 332 (Fla. 1991), basic fairness seems to dictate that the owner should be required, at a minimum, to identify what property has been lost so that the trier of fact may reasonably determine the value of the stolen items. In this case, the victim's loss, save those items she specifically identified, could be characterized as "one quantity of jewelry, various pieces, worth $2,204." More specific evidence was apparently available, which evidence could and should have been presented by the State.
Fisher, 722 So.2d at 874. Likewise, here, Ms. Lopez was unable to adequately identify and value several of the stolen items, and even admitted that she could not remember everything that was stolen. Although the trial court is granted discretion in determining a restitution amount to make the victim whole, here, there was no competent, substantial evidence to support the trial court's award of restitution above $3,125.
We affirm the trial court's denial of Mr. Gonzalez's motion to declare sections 812.019(1) and 812.012(8), Florida Statutes, unconstitutional, but reverse its grant of $4,000 in restitution. On remand, a corrected restitution award in the amount of $3,125 shall be entered.
AFFIRMED IN PART, REVERSED IN PART; REMANDED.
PLEUS, C.J., and GRIFFIN, J., concur.
NOTES
[1] Section 812.019(1), Florida Statutes, which criminalizes dealing in stolen property, states:

Any person who traffics in, or endeavors to traffic in, property that he or she knows or should know was stolen shall be guilty of a felony of the second degree, punishable as provided in ss. 775.082, 775.083, and 775.084.
Section 812.012(8), Florida Statutes, defines "traffic" as:
(a) To sell, transfer, distribute, dispense, or otherwise dispose of property.
(b) To buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property.
[2] Mr. Gonzalez also alleges that sections 812.019(1) and 812.012(8) violate his equal protection and due process rights. It is unclear how Mr. Gonzalez believes that such violations exist. Neither section creates any classification, such that equal protection rights would come into play, and Mr. Gonzalez does not discuss his due process claim in his initial brief. Even if the equal protection clause was implicated, it withstands rational basis review, which requires that a statute bear a reasonable relationship to a legitimate state interest. Pinillos v. Cedars of Lebanon Hosp. Corp., 403 So.2d 365, 367 (Fla.1981). The statute adequately addresses the State's interest in discouraging and punishing dealing in stolen goods at all levels.