952 So.2d 1250 (2007)
Thomas FITZGERALD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1446.
District Court of Appeal of Florida, Fourth District.
April 11, 2007.
Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.
*1251 PER CURIAM.
This is an appeal of a restitution order entered as to property stolen from victims who are mother and daughter.
We reverse the restitution only as to the value of the mother's stolen purse and wallet, as these values were based solely on the prices found in a catalog. The hearsay evidence as to catalog prices was the only proof of value presented by the state. See Walentukonis v. State, 932 So.2d 1136 (Fla. 2d DCA 2006) (reversing restitution where the trial court took judicial notice of "the NADA Blue Book Average Retail Value" without other evidence as to the value of a truck); M.M.S. v. State, 877 So.2d 941 (Fla. 2d DCA 2004) (finding "trial court improperly relied on hearsay evidence in determining the value of a stolen ring"); Aboyoun v. State, 842 So.2d 238 (Fla. 2d DCA 2003) (remanding for a new restitution hearing where the only evidence offered to establish the value of four necklaces was the victim's testimony he had received the necklaces as gifts from his parents, and his parents informed him of how much they had paid for the necklaces); Korica v. State, 791 So.2d 543 (Fla. 2d DCA 2001) (reversing because the victim had no personal knowledge of the value of any missing items, but testified as to the value based on telephone conversations with her mother and the stores where the items were purchased).
Therefore, we reverse and remand for a new restitution hearing as to the fair market value of the mother's purse and the wallet.
STONE, FARMER and MAY, JJ., concur.