PER CURIAM.
I.M. was adjudicated delinquent for committing arson and burglary based upon evidence that he and friends set fire to a middle-school band room. On appeal, this court affirmed the adjudication of delinquency and affirmed a portion of the restitution order, but reversed and remanded the remaining amount, because it represented replacement value rather than fair market value. I.M. v. State, 917 So.2d 927, 934-35 (Fla. 1st DCA 2005).
At the evidentiary hearing on remand, the school’s Director of Facility Maintenance, Greg King, testified that he had contacted his vendors to determine the fair market value of the damaged or destroyed items, such as instruments, choir robes, risers, etc., yielding a total of $31,143. The court overruled I.M.’s objection that King’s testimony was based upon hearsay, which, by itself, was insufficient to establish the amount of restitution. This was error.
Although the victim/owner’s opinion regarding the fair market value is sufficient to establish value, the victim/owner must have personal knowledge of value, and may not base his or her opinion upon hearsay; Greg King did not have personal knowledge of the value of the ruined items, but relied upon the opinions of his vendors, who did not testify. On remand, written estimates may suffice, so long as they satisfy the requirements of business records under section 90.803(6), Florida Statutes (2005), or are uncontested. See, e.g., B.L.N. v. State, 722 So.2d 860 (Fla. 1st DCA 1998); C.S. v. State, 617 So.2d 863 (Fla. 1st DCA 1993); Bonner v. State, 899 So.2d 1212 (Fla. 2d DCA 2005); Davis v. State, 707 So.2d 842 (Fla. 2d DCA 1998).
Also at the hearing below, the court deferred monthly payment of restitution until the child finishes school or turns 18. The court properly overruled LM.’s objection that restitution should not be imposed at all, because the child did not have the ability to pay. Under section 775.089(6), Florida Statutes (2005), the defendant’s ability to pay must be determined at the time the restitution order is being enforced, not when it is imposed. See Banks v. State, 732 So.2d 1065 (Fla.1999).
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this opinion.
BARFIELD, KAHN, and PADOVANO, JJ., concur.