970 So.2d 919 (2007)
Daniel BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-5630.
District Court of Appeal of Florida, First District.
December 31, 2007.
*920 Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Felicia A. Wilcox, Assistant Attorney General, Tallahassee, for Appellee.
VAN NORTWICK, J.
Daniel Butler appeals a restitution order entered against him following a conviction for burglary. In the order under review, the trial court required Butler to pay restitution in the amount of $4,190. Butler argues that the trial court's findings as to value of the property stolen and damaged in the burglary were not based on competent substantial evidence. We agree that, as to the $1,275 value placed on the damaged exterior door, the trial court relied on inadmissible hearsay, admitted over Butler's timely objection. We find, however, that competent substantial evidence supports the remainder of the restitution order. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.
On February 1, 2006, Butler and others burglarized Central Supply Store. At the restitution hearing, the owner of the store testified that cash in the amount of $2,390 was stolen in the burglary and that damage was done to an exterior door as well as two interior doors. To establish the value of the exterior door, the State introduced, over Butler's hearsay objection, a written estimate from Tri-State Door Company. In this estimate, Tri-State Door determined that the cost of replacing the door would be $1,275. Butler timely objected to the admissibility of the $1,275 estimate for the replacement of the exterior door on the grounds that the estimate was hearsay. The objection was overruled. The trial court ordered the payment of restitution in the amount of $4,190 and based the value of the door on the $1,275 estimate. On appeal, Butler contends that the amount of restitution was not supported by competent substantial evidence in part because the portion of the restitution order relating to the exterior door was based on inadmissible hearsay.
The State has the burden of establishing restitution by a preponderance of the evidence. Glaubius v. State, 688 So.2d 913 (Fla.1997). The trial court, however, possesses the discretion to base the amount of restitution on the victim's estimate of value of the stolen or damaged property. K.F. v. State, 746 So.2d 493 (Fla. 1st DCA 1999). Here, we find no abuse of discretion in the amount of the restitution, except for the valuation of the exterior door. The written estimate of the replacement cost for the exterior door was an out-of-court statement offered to prove the truth of the matter asserted, the value of the exterior door. Thus, the estimate constituted hearsay as defined in section 90.801(c), Florida Statutes (2006), and was inadmissible under section 90.802, Florida Statutes (2006), unless an exception is created by another statutory provision.
Written opinions or estimates may qualify as a business record exception to the hearsay rule under section 90.803(6), Florida Statutes (2006), if production of estimates is a regularly conducted business *921 activity. To lay a proper foundation for the business record exception, however, the proponent of the evidence must "call a witness who can show that each of the foundational requirements set out in the statute is present." Forester v. Norman Roger Jewell & Brooks Intern., Inc., 610 So.2d 1369, 1373 (Fla. 1st DCA 1992); § 90.803(6)(a), Fla. Stat. Alternatively, section 90.803(6)(c) provides that the proponent can also establish the foundation by certification or declaration. Here, the State did not call a witness to testify as to the authenticity of the estimate, and the record does not establish that the State attempted to meet the requirements of certification. Accordingly, neither the business record exception nor any other exception applies to the written estimate.
"Hearsay evidence may be used to determine the amount of restitution if there is no objection to the evidence. However, as [defendant] argues and the State concedes, [defendant] made a proper objection to the evidence which should have been sustained." Williams v. State, 850 So.2d 627, 628 (Fla. 2d DCA 2003)(reversing and remanding for a new restitution hearing). "On remand, written estimates may suffice, so long as they satisfy the requirements of business records under section 90.803(6), Florida Statutes (2005), or are uncontested." I.M. v. State, 958 So.2d 1014, 1016 (Fla. 1st DCA 2007). Here, Butler made a timely hearsay objection to the admissibility of the written estimate. Because the written estimate was inadmissible hearsay evidence, we hold that the trial court erred in admitting the estimate and basing the value of the exterior door solely on this evidence.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion. Forlano v. State, 964 So.2d 246 (Fla. 1st DCA 2007).
ALLEN and WEBSTER, JJ., concur.