DAVIS, Judge.
 

 Cartaya Chablis Moore pleaded guilty to one count of grand theft. In addition to receiving a thirty-six-month period of probation to run consecutively to the prison sentence she received for violating her probation in a prior case, the trial court ordered Moore to pay $12,408 in restitution. We affirm the judgment and the probationary sentence without comment. We reverse the restitution order and remand for the trial court to conduct a new restitution hearing.
 

 After Moore pleaded guilty, the trial court held a restitution hearing at which the State called the victim to testify regarding the value of the stolen property. Although certain items were recovered from pawn shops, many items of jewelry, clothing, and electronics were not recovered. The victim could not provide receipts for most of these items. Instead she provided testimony regarding the prices she paid for the items she purchased, estimates on the items she received as gifts, and a business card on which an employee of a jewelry store had listed the values of the pieces of jewelry she purchased from that store.
 

 Moore objected to the testimony as hearsay, arguing that the hearsay evidence presented through the jewelry store business card and the victim’s estimates provided an insufficient basis on which the State could meet its burden of proof. Moore now argues on appeal that the trial court abused its discretion in allowing the statements to be introduced and in setting the restitution based on these hearsay statements.
 

 The victim’s testimony regarding what the jewelry store’s employee told her regarding the estimated value of the unre-covered jewelry was improperly admitted hearsay.
 
 See M.M.S. v. State,
 
 877 So.2d 941, 941 (Fla. 2d DCA 2004). Additionally, the victim’s testimony regarding the items she received as gifts was also insufficient to establish the items’ values because the victim did not provide testimony of her own knowledge or opinion regarding the values.
 
 See Aboyoun v. State,
 
 842 So.2d 238, 239 (Fla. 2d DCA 2003);
 
 see also Walentukonis v. State,
 
 932 So.2d 1136, 1137-38 (Fla. 2d DCA 2006) (Villanti, J., specially concurring) (noting that the victim is unlikely to realize what documentation is necessary to establish restitution amounts and that the restitution process could be improved if the State obtained the values of the items from the victim earlier in the trial process). We note that the trial court did not abuse its discretion in setting restitution amounts for those items for which the victim testified as to the amounts she actually paid, provided store receipts, testified regarding her own opinions of the amounts she and others paid in her presence, and testified regarding the condition of the items.
 
 See Aboyoun,
 
 842 So.2d at 240.
 

 Accordingly, we reverse the restitution order and remand for the trial court to conduct a new restitution hearing on the restitution amounts for the unrecovered jewelry for which values were identified based on hearsay evidence and for those items about which the victim did not testify regarding her own knowledge or her
 
 *389
 
 own opinion. We affirm the judgment and sentence in all other respects.
 

 Affirmed in part, reversed in part, and remanded.
 

 VILLANTI and MORRIS, JJ., Concur.