KHOUZAM, Judge.
Louis Fernandez appeals a restitution order entered following his conviction for burglary of an unoccupied dwelling. Because the evidence introduced at the restitution hearing was insufficient to support the award, we reverse the order and remand for a new restitution hearing on value.
The State sought $28,000.00 in restitution for items taken during the burglary. At the restitution hearing, the State introduced into evidence two lists of the missing items. One was typed and the other was handwritten and included sketches of some of the items. The items included jewelry, a camera, and a baseball. Both lists referred to the same items, but they did not contain any of the values of the taken property.
The victim also testified about the stolen items. When asked how she calculated the amount requested, she explained:
Because I had very nice jewelry. It was 20 years worth of getting jewelry from loved ones. I had a lot of diamonds, emeralds, rubies, aquamarines from overseas. Some of my jewelry was made over in Africa. It was made out of 18 carat gold as opposed to the normal 14 carat gold that it would be made [of] down here. They were very valuable pieces.
No other evidence was introduced addressing the value of the stolen property. Over Fernandez’s objection, the trial court imposed the full amount sought in restitution. Fernandez timely appealed, arguing that the victim’s opinion alone was insufficient to support the amount awarded. We agree.
The Florida Supreme Court has determined that restitution serves two purposes: “to (1) compensate the victim and (2) serve the rehabilitative, deterrent, and retributive goals of the criminal justice system.” Glaubius v. State, 688 So.2d 913, 915 (Fla.1997). Section 775.089(7), Florida Statutes (2008), provides that for purposes of restitution the burden to prove the amount of loss is on the State and proof must be by a preponderance of the evidence. On appeal, restitution orders are reviewed for an abuse of discretion. Johnson v. State, 942 So.2d 415, 416 (Fla. 2d DCA 2006).
The amount of restitution is generally based on the fair market value of the property, unless for some reason that amount will not fully compensate the victim. See, e.g., Aboyoun v. State, 842 So.2d 238, 240 (Fla. 2d DCA 2003). Factors to *732 be considered in determining fair market value are “purchase price, the manner in which the property was used, its condition, and depreciation.” Id. The Florida Supreme Court has identified situations in which fair market value would not adequately reflect the victim’s loss, such as when the property is a family heirloom or is subject to rapid depreciation. State v. Hawthorne, 573 So.2d 380, 333 nn. 4, 5 (Fla.1991). Under these circumstances, “a court is not tied to fair market value as the sole standard for determining restitution amounts” because an order based only upon fair market value would be inequitable and would not serve the purposes of restitution. Id.
Although a “trial court has discretion to take into account any appropriate factor in arriving at a fair amount,” “[t]his does not mean ... that a trial court can arbitrarily award any amount of restitution it deems adequate.” Glaubius, 688 So.2d at 915. Even though property owners are generally qualified to testify regarding the fair market value of their property, Aboyoun, 842 So.2d at 240, the amount of loss “must be established through more than mere speculation; it must be based on competent evidence,” Glaubius, 688 So.2d at 916; see also Rodriguez v. State, 956 So.2d 1226, 1231 (Fla. 4th DCA 2007) (“The mere speculation or opinion of a victim as to the amount of their loss is insufficient to sustain a restitution order.”).
Here, there was no indication as to how the State arrived at the figure of $28,000.00 as the value of the property. The lists admitted in evidence, coupled with the speculative testimony at the restitution hearing, are insufficient to support the amount awarded. Accordingly, it was an abuse of discretion for the trial court to award that amount. We therefore reverse the restitution order and remand for a new restitution hearing on the value of the stolen property and for entry of a new restitution order consistent with this opinion.
Reversed and remanded.
DAVIS and BLACK, JJ„ Concur.