NORTHCUTT, Judge.
D.C. appeals a restitution order following his no contest plea to burglary and petit theft. He argues, and we agree, that the restitution amount was not supported by competent, substantial evidence. Accordingly, we reverse.
D.C., along with his brother and another juvenile, burgled a home. At the restitution hearing, the husband-and-wife victims testified regarding the property allegedly stolen from their home. The investigating officers also testified. The couple claimed that more property was stolen than they had initially reported. The prosecutor then attempted to summarize the victims’ testimony and suggested reductions in value for depreciation. Defense counsel objected to the amounts and to the award of restitution for items that were never reported to the police as stolen or for items that the police said they recovered. The trial court announced that it would “award restitution in the amount suggested by the State Attorney.” The subsequent order awarded restitution of $652.34.
A trial court has discretion to determine the amount of restitution and is not required to abide by “a rigid standard of proof.” State v. Hawthorne, 573 So.2d 330, 332-33 (Fla.1991). “[T]his does not mean ... that a trial court can arbitrarily award any amount of restitution it deems adequate.” Fernandez v. State, 98 So.3d 730, 732 (Fla. 2d DCA 2012) (quoting Glaubius v. State, 688 So.2d 913, 915 (Fla.1997)). Generally, restitution will be based on the fair market value of the property at the time of the offense, and this case does not present any exception to the general rule. See Hawthorne, 573 So.2d at 333.
Fair market value can be established through evidence of “(1) original market cost; (2) manner in which the item was used; (3) the general condition and quality of the item; and (4) the percentage of depreciation;” Id. at 332 (citing Negron *1266 v. State, 306 So.2d 104, 108 (Fla.1974), receded from on other grounds, Butterworth ex rel. Broward Cnty. v. Fluellen, 389 So.2d 968 (Fla.1980)). An owner is generally qualified to offer testimony on the fair market value of his or her property. Id. at 3336 n. 6.
In this case, however, the owners’ testimony was incomplete because they simply furnished purchase prices for the stolen items, not the fair market value. And in several cases, they provided a range of prices. Some of the items were several years old, leading the prosecutor to propose depreciated values based on nothing more than her ad hoc sense of what seemed fair. The prosecutor’s assertions were not competent, substantial evidence. See Molter v. State, 892 So.2d 1115, 1117 (Fla. 2d DCA 2004). A restitution award must be based on competent evidence, not on mere speculation. Fernandez, 98 So.3d at 732. We reverse and remand for a new restitution hearing.
Reversed.
SILBERMAN, C.J., and CRENSHAW, J., Concur.