NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MICHAEL TODD ALLEN,                )
                                   )
            Appellant,             )
                                   )
v.                                 )        Case No.   2D14-225
                                   )
STATE OF FLORIDA,                  )
                                   )
            Appellee.              )
_____)

Opinion filed April 15, 2015.

Appeal from the Circuit Court for
Hillsborough County; Ronald N.
Ficarrotta, Judge.

Howard L. Dimmig, II, Public Defender,
and Tosha Cohen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jessica Stephans,
Assistant Attorney General, Tampa,
for Appellee.


KELLY, Judge.

        Michael Allen entered a guilty plea to grand theft of a motor vehicle and

was placed on probation. As a condition of probation, the trial court ordered Allen to

pay restitution to the victim. In this appeal, Allen challenges the amount of restitution

the trial court required him to pay. He argues that the State failed to present competent evidence of the victim's loss. We agree and reverse the restitution order.

At the restitution hearing, the victim testified that a Coach-brand purse and wallet were in the car that Allen stole. To establish the value of the stolen items, the victim obtained a printout from a department store showing that a purse and wallet similar to hers were worth approximately $527.97. The victim also testified that in the process of stealing her car, Allen damaged her vehicle. She obtained an estimate for repairs that totaled $3006.84. Allen objected to the evidence as being hearsay. The trial court ordered Allen to pay $3000 for damage to the car and $500 for the purse and wallet. On appeal, Allen argues that the trial court erred in determining the amount of restitution based on the evidence presented by the State.

A trial judge has broad discretion when determining the amount of restitution; however, the restitution award must be based upon competent evidence. Glaubius v. State, 688 So. 2d 913, 916 (Fla. 1997). The State has the burden of proving the amount of loss by a preponderance of the evidence. Moore v. State, 694 So. 2d 836, 837 (Fla. 2d DCA 1997).

"[A] property owner is generally qualified to testify regarding the fair market value of his or her property." Aboyoun v. State, 842 So. 2d 238, 240 (Fla. 2d DCA 2003) (citing State v. Hawthorne, 573 So. 2d 330, 333 n.6 (Fla. 1991)). A victim's testimony as to amounts actually paid, store receipts showing the cost of the items purchased, amounts others paid in the victim's presence, and the condition of the items are competent evidence which will establish value. See Moore v. State, 47 So. 3d 387, 388 (Fla. 2d DCA 2010). However, a victim's testimony regarding what a store's

employee told her regarding the estimated value of unrecovered property is inadmissible hearsay.  See id.; see also M.M.S. v. State, 877 So. 2d 941, 941 (Fla. 2d DCA 2004) (holding that an estimate of a stolen ring's value from the store where it was purchased was insufficient to establish value for restitution purposes).  The testimony in this case was hearsay since the victim did not testify that she had purchased the items or that she had independent knowledge of their worth.  See I.M. v. State, 958 So. 2d 1014, 1016 (Fla. 1st DCA 2007) ("[The witness] did not have personal knowledge of the value of the ruined items, but relied upon the opinions of his vendors, who did not testify.").

As for the repairs to the car, the victim described the damage to the car caused by Allen and presented a written estimate she had gotten for the repair of the vehicle.  "When testimony concerning the estimated cost of repairs to damaged property is 'offered in evidence to prove the truth of the matter asserted,' it is 'hearsay' unless 'made by the declarant while testifying at the trial or hearing.' " T.J.N. v. State, 977 So. 2d 770, 773 (Fla. 2d DCA 2008) (quoting § 90.801(1)(c), Fla. Stat. (2006)).  "The 'declarant' of the estimate is the person who was responsible for making the estimate." Id.  Written estimates may qualify as a business record exception to the hearsay rule if the proponent of the evidence calls a witness who can lay a proper foundation establishing that "production of estimates is a regularly conducted business activity." Butler v. State, 970 So. 2d 919, 920-21 (Fla. 1st DCA 2007); see also § 90.803(6)(a), Fla. Stat. (2013).  "Alternatively, section 90.803(6)(c) provides that the proponent can also establish the foundation by certification or declaration." Butler, 970 So. 2d at 921.  Here, the State did not lay the proper foundation for the admission of the evidence.

Accordingly, neither the business record exception nor any other exception applies to the written estimate. See Williams v. State, 850 So. 2d 627, 628 (Fla. 2d DCA 2003) (reversing a restitution award based solely on estimates for repair of a vehicle that constituted inadmissible hearsay).

"Hearsay evidence may be used to determine the amount of restitution if there is no objection to the evidence." Id. However, in this case, Allen made a proper objection to the evidence at the restitution hearing. Therefore, this court must reverse and remand for a new restitution hearing. See Sherwood v. State, 832 So. 2d 926, 926 (Fla. 2d DCA 2002) (remanding for a new restitution hearing where award was based on improper hearsay evidence concerning the cost of repairs to an automobile).

Reversed and remanded with directions.

VILLANTI, C.J., and DAVIS, CHARLES A., SENIOR JUDGE, Concur.