NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TYLER JOSEPH DANZEY,                    )
                                        )
            Appellant,                  )
                                        )
v.                                      )        Case No. 2D14-809
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____     )

Opinion filed February 5, 2016.

Appeal from the Circuit Court for Highlands
County; Angela J. Cowden and William
Sites, Judges.

Ita M. Neymotin, Regional Counsel, Second
District, and Stacy L. Sherman, Special
Assistant Regional Counsel, Office of
Criminal Conflict and Civil Regional Counsel,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and John M. Klawikofsky,
Assistant Attorney General, Tampa, for
Appellee.


CASANUEVA, Judge.

         Tyler Joseph Danzey entered a guilty plea to third-degree grand theft and

giving false verification of ownership to a second-hand dealer.  In this appeal, Mr.

Danzey challenges the amount of restitution the trial court ordered him to pay.  He

argues that the State failed to present competent evidence of the victim's loss.  We agree and reverse the restitution order.

Although a trial court has discretion in determining the amount of restitution, the restitution award must be proven by competent, substantial evidence and the amount of the award must be established by the greater weight of the evidence. S.M. v. State, 159 So. 3d 966, 968 (Fla. 2d DCA 2015).  Mr. Danzey's restitution order requires him to pay restitution in the amount of $108,755.  He argues on appeal that the trial court abused its discretion in ordering him to pay restitution in the amount of $19,800 for a canary diamond ring, an Omega watch, and a diamond and ruby ring, where the victim only testified regarding the purchase price of the three items and there was no evidence of the fair market value, the condition, or the replacement value of these items.  Mr. Danzey further argues that the trial court abused its discretion in failing to reduce the restitution award by the amount that the victim was compensated by her insurance company.  We agree as to both points.

The victim testified that the five-carat canary diamond ring was given to her as a gift in 1980 and that the purchase price was $11,500.  She also testified that the Omega gold watch had an eighteen-carat band with a carat of diamonds around it and that the purchase price was $5500 in 1979.  Regarding the ruby ring, she testified that it was a diamond and ruby waterfall ring and that "it seems to me that that was something like I don't know $27 or $800.00 and that would have been in '77 - 1977."

This court has held that a victim's testimony regarding the amount actually paid for an item, receipts indicating the cost of the item, the amount that another paid for the item in the victim's presence, and the condition of the stolen item "are competent

evidence which will establish value." Allen v. State, 162 So. 3d 1055, 1056 (Fla. 2d DCA 2015). However, the victim must have firsthand knowledge of the purchase price of the item, and the victim's hearsay testimony that someone told her how much was paid for the item is insufficient. In Aboyoun v. State, 842 So. 2d 238, 239 (Fla. 2d DCA 2003), the victim testified that he received four gold necklaces as gifts from his parents and that his parents told him how much they paid for the necklaces. This court held that the hearsay evidence was insufficient to establish the value of the necklaces for restitution purposes. Id.; see also Moore v. State, 47 So. 3d 387, 388 (Fla. 2d DCA 2010) ("[T]he victim's testimony regarding the items she received as gifts was also insufficient to establish the items' values because the victim did not provide testimony of her own knowledge or opinion regarding the values.").

Furthermore, "restitution should be based on the fair market value of the property, . . . [and the] [f]air market value takes into consideration not only the purchase price, but the manner in which the item was used, its condition and depreciation." Korica v. State, 791 So. 2d 543, 544 (Fla. 2d DCA 2001) (citation omitted). Here, the victim did not testify regarding how she learned of the purchase price of the canary diamond ring and the Omega gold watch, and she did not know the exact purchase price of the ruby ring. There was also no testimony regarding the condition of the three jewelry pieces or testimony regarding their current market value. See Thompson v. State, 68 So. 3d 425, 426 (Fla. 4th DCA 2011) ("Fair market value is calculated by reference to four factors: (1) the original market cost; (2) the manner in which the items were used; (3) the general condition and quality of the items; and (4) the percentage of depreciation." (citing State v. Hawthorne, 573 So. 2d 330, 332 (Fla. 1991))). Therefore,

the evidence was insufficient to establish the value of the jewelry for restitution purposes, and the restitution order is reversed as to the amount of restitution owed for the canary diamond ring, the Omega watch, and the diamond and ruby ring.

We also agree with Mr. Danzey that the trial court was required to reduce the restitution award by the amount that the victim was compensated by her insurance company. On remand, the trial court is directed to determine the amount that the victim's insurance company paid to the victim for her claim related to the theft. See Branker v. State, 650 So. 2d 195, 196 (Fla. 4th DCA 1995) (holding that the restitution award should have been reduced by the sum that the victim received from his insurance claim); see also Williams v. State, 645 So. 2d 594, 595 (Fla. 2d DCA 1994) (reversing restitution order where the State did not present any documentary evidence regarding the amount paid by the victim's insurance company). On remand, the trial court is not precluded from also ordering restitution to the insurance company if the award is supported by competent, substantial evidence. See Walker v. State, 919 So. 2d 501, 502 (Fla. 3d DCA 2005) (holding that trial court did not err in ordering payment of restitution to insurance company); L.S. v. State, 593 So. 2d 296, 297 (Fla. 5th DCA 1992) (holding that insurance company is also entitled to restitution).

Accordingly, we reverse the restitution order because there was no evidence of the fair market value of the canary diamond ring, the Omega watch, and the diamond and ruby ring, and we direct the trial court on remand to conduct a new restitution hearing relating to these three items. See Moore, 47 So. 3d at 388-89 (reversing and remanding for new restitution hearing where testimony did not establish value of items). The trial court's findings as to the value of the other stolen items is

affirmed. On remand, the trial court must also consider the amount the victim was compensated by her insurance company.

Judgment and sentence affirmed; restitution order reversed.

VILLANTI, C.J., and MORRIS, J., Concur.