NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

J.L.C.,                              )
                                     )
        Appellant,             )
                                     )
v.                                   )        Case No. 2D14-3241
                                     )
STATE OF FLORIDA,                    )
                                     )
        Appellee.              )
                                     )
_____     )

Opinion filed April 6, 2016.

Appeal from the Circuit Court for Pasco
County; Lynn Tepper, Judge.

Howard L. Dimmig, II, Public Defender, and
Matthew J. Salvia, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


LUCAS, Judge.


        J.L.C. appeals a restitution order entered in connection with his

adjudication of delinquency for burglary of a dwelling. In his appeal, J.L.C. takes issue

with the circuit court's valuation of various items he stole from the victim, Mr. Tibbs. We affirm the court's valuations in all respects save one.

Among the items J.L.C. misappropriated, and for which the State sought restitution, was a five-gallon water jug that held loose change. Mr. Tibbs testified that his jug was "half full of coins" that were, apparently, all silver change—nickels, dimes, and quarters—no pennies. He estimated that this half-full water jug held $3500 worth of coins. When asked on direct examination how he arrived at this sum, he explained, somewhat enigmatically:

> How I arrived at that number was through a stepdaughter of mine . . . . I gave her a jug of glass—five–gallon jug, glass . . . which blew up on me over a cold air register . . . . [I]t took me five—$200 in pennies to finish out this jug. This is how come I estimated at the $3500.

Counsel for J.L.C. did not cross-examine Mr. Tibbs, and the State did not proffer any further evidence about the value of the coins. J.L.C., on the other hand, testified that when he took the jug of coins to a Coinstar machine at a local grocery store, he received about $421, after a deducted fee of approximately $58. The circuit court, in announcing its ruling, rejected J.L.C.'s testimony about the machine's computation, accepted Mr. Tibbs' estimation, and entered a restitution order in the amount of $4400, of which $3500 was attributed to the coins.

We review a circuit court's determination of property value within a restitution order for abuse of discretion. Danzey v. State, 41 Fla. L. Weekly D342 (Fla. 2d DCA Feb. 5, 2016); State v. Shields, 31 So. 3d 281, 282 (Fla. 2d DCA 2010). The State bears the burden of proving the amount awarded in restitution by a preponderance of the evidence. S.M. v. State, 159 So. 3d 966, 968 (Fla. 2d DCA

2015). That evidence must be competent and substantial. Danzey, 41 Fla. L. Weekly at D342; S.M., 159 So. 3d at 968.

We are not entirely clear what Mr. Tibbs was attempting to convey to the circuit court from his testimony, much less how he ultimately arrived at his valuation for these coins. We are certain, though, that the $3500 he opined was in this jug of change was, at best, an estimated guess.[1] While an owner may offer an opinion of the value of his or her own property in a restitution proceeding, that opinion must be based upon a competent foundation. See Fernandez v. State, 98 So. 3d 730, 732 (Fla. 2d DCA 2012) ("Even though property owners are generally qualified to testify regarding the fair market value of their property, the amount of loss 'must be established through more than mere speculation; it must be based on competent evidence.' " (citation omitted) (quoting Glaubius v. State, 688 So. 2d 913, 916 (Fla. 1997))); Gonzalez v. State, 40 So. 3d 86, 89 (Fla. 4th DCA 2010) (observing that "[a] victim must have a sufficient predicate upon which to base his or her opinion on the value of items stolen"). Mr. Tibbs' experience filling a five-gallon jug with pennies was not a competent basis for him to derive the value of loose, silver change in another half-filled five-gallon jug.

Indeed, we rejected a similar attempt to value a coin collection under similar circumstances in Miller v. State, 833 So. 2d 318 (Fla. 2d DCA 2003). In Miller, the victim's son testified at a restitution hearing that his mother had between eight and

---

[1]As best we can surmise, Mr. Tibbs was proceeding under the assumption that since another of his five-gallon jugs had held two hundred dollars' worth of pennies—that is, 20,000 pennies—a similar jug, half-filled, would presumably hold 10,000 nickels, dimes and quarters. Among the problems with that assumption, besides its vast imprecision, is that nickels, dimes, and quarters are not minted in the same size as pennies.

ten one-gallon bags of coins that were stolen, a trove that he thought amounted to $10,000. Id. at 319. We noted that, although the witness knew the denominations in his mother's collection, he could not recall the number of the particular coins within the bags or whether each of the bags contained similar amounts of coins. Id. Like Mr. Tibbs, the witness in Miller attempted to draw a comparison from a prior coin-counting— in that case, a pawnbroker's previous payment of $1000 for another box of coins that contained approximately a fifth of the contents of one of the gallon bags. See id. We observed that his valuation was "speculative opinion testimony" based on hearsay and reversed the circuit court's restitution order. Id. Here, Mr. Tibbs' opinion about his jug of coins suffers from the same speculative shortcoming we found in Miller's bags of coins.

In so holding, we do not in any way impugn the sincerity of Mr. Tibbs' attempt to estimate how much money his jug held. But an estimate from a guess is still just a guess. And a mere "guesstimate" of value, such as here, does not constitute competent, substantial evidence that will support a restitution order. Cf. Bennett v. State, 944 So. 2d 524, 526 (Fla. 4th DCA 2006) ("Guesstimates and speculative testimony are inappropriate evidence on which to base an award of restitution."). Accordingly, we reverse the order of the circuit court.

Reversed and remanded for a new restitution hearing.

VILLANTI, C.J., and SILBERMAN, J., Concur.

- 4 -