NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MICHAEL LEWIS DUNCAN,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Case No. 2D15-3232
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF FLORIDA,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀⠀⠀)
_____)

Opinion filed June 1, 2016.

Appeal from the Circuit Court for Polk
County; Glenn T. Shelby, Judge.

Howard L. Dimmig, II, Public Defender, and
Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa, for
Appellee.



BLACK, Judge.

⠀⠀⠀⠀⠀⠀Michael Duncan challenges the final judgment of restitution entered

following his no contest plea to burglary of a dwelling and grand theft. Because the

restitution amount was not supported by competent, substantial evidence, we reverse.

At the restitution hearing, the victim testified that a television, two antique rifles, 400 to 500 gemstones, and $22 were stolen from her home. To establish the value of the television, the victim testified that she purchased it one or two years ago for $1300 and that it was in good condition. The victim purchased a replacement television for $500, but unlike the stolen television, it was not a "smart" television. The first antique rifle was the victim's mother's "back in the '50's." It was in working condition. The victim was unable to give an opinion as to its current value but stated that she had been offered $400 or $500 for it. The second rifle was also an antique and previously owned by the victim's father. It was in working condition. The victim was also unable to give an opinion as to the second rifle's current value, providing only that "it was probably older than the '50's."

The victim inherited the gemstones from her brother who was an antique collector; they were real gemstones and not costume jewelry. A picture of some of the victim's gemstones was admitted into evidence; the victim testified that she had taken pictures of the other gemstones but was unable to find them. Over objection, several pages from the catalog from which the brother purchased the gemstones were also admitted into evidence as a composite exhibit. The catalog pages contained pictures and prices of various gemstones; the court admitted the catalog pages that served as examples of the gemstones owned by and stolen from the victim. The victim did not know exactly how many gemstones she had, exactly which gemstones she had, or the exact size of each gemstone but testified that the gemstones she identified in the catalog were a "fair and accurate representation of the gemstones that [she] owned." The victim could not compare her gemstones to those in the catalog other than to say

that "[t]hey're pretty well the same thing." The victim also testified that she was present when her brother purchased some of the gemstones but she could not remember which ones. Based on the prices in the catalog, the victim estimated that the stolen gemstones were worth approximately $8000. Finally, the victim testified that $22 was taken.

The State argued that $10,300 in restitution was appropriate: $1300 for the television, $8000 for the gemstones, $22 for the cash, and "the approximate four hundred to five hundred dollars of [sic] each of the rifles that were taken." After taking the matter under advisement, the trial court imposed restitution in the amount of $10,300. Though Duncan does not take issue with the $22 awarded for the cash, he asserts that the State's evidence to support the remaining components of the restitution award was insufficient.

"Although a trial judge has discretion in determining the amount of restitution, the restitution award must be proven by competent, substantial evidence and the amount of the award must be established by the greater weight of the evidence." Danzey v. State, 41 Fla. L. Weekly D342, D342 (Fla. 2d DCA Feb. 5, 2016); accord Allen v. State, 162 So. 3d 1055, 1056 (Fla. 2d DCA 2015). Generally the amount of restitution is based on the fair market value of the property, and that value is determined by the "purchase price, the manner in which the property was used, its condition, and depreciation." Fernandez v. State, 98 So. 3d 730, 731-32 (Fla. 2d DCA 2012) (quoting Aboyoun v. State, 842 So. 2d 238, 240 (Fla. 2d DCA 2003)). However, there are some circumstances—"such as when the property is a family heirloom or is subject to rapid depreciation"—when the "fair market value would not adequately reflect the victim's

- 3 -

loss." Id. at 732 (citing State v. Hawthorne, 573 So. 2d 330, 333 nn.4-5 (Fla. 1991)). "Under these circumstances, 'a court is not tied to fair market value as the sole standard for determining restitution amounts' . . . ." Id. (quoting Hawthorne, 573 So. 2d at 333).

"[A] property owner is generally qualified to testify regarding the fair market value of his or her property." Allen, 162 So. 3d at 1056 (alteration in original) (quoting Aboyoun, 842 So. 2d at 240). And "[t]his court has held that a victim's testimony regarding the amount actually paid for an item, receipts indicating the cost of the item, the amount that another paid for the item in the victim's presence, and the condition of the stolen item 'are competent evidence which will establish value.' " Danzey, 41 Fla. L. Weekly at D342 (quoting Allen, 162 So. 3d at 1056). Here the victim testified based on her own personal knowledge regarding the purchase price and condition of the television. As such, the trial court did not abuse its discretion in setting the restitution amount for the television. See Moore v. State, 47 So. 3d 387, 388 (Fla. 2d DCA 2010) ("[T]he trial court did not abuse its discretion in setting restitution amounts for those items for which the victim testified as to the amounts she actually paid, provided store receipts, testified regarding her own opinions of the amounts she and others paid in her presence, and testified regarding the condition of the items."); Aboyoun, 842 So. 2d at 240 (holding that the victim's testimony regarding the purchase price and condition of the stolen rings based on his personal knowledge was sufficient for restitution purposes).

As to the antique rifles, however, the State failed to present sufficient evidence to establish value for restitution purposes. The victim was asked how much each rifle was worth, to which she replied, "I couldn't tell you." As to the first rifle, the

victim stated only that she had been offered $400 to $500 for it without further elucidation.  This is insufficient.  See D.E.M. v. State, 109 So. 3d 1229, 1232 (Fla. 1st DCA 2013) ("[T]he victim must have 'a sufficient predicate' on which to base an opinion regarding the value of the items taken." (quoting Gonzalez v. State, 40 So. 3d 86, 89 (Fla. 4th DCA 2010))).  And to the extent that the court based the restitution award for the rifles on the prosecutor's assertion that they were each worth $400 or $500, this was error as the "prosecutor's assertions were not competent, substantial evidence."  D.C. v. State, 109 So. 3d 1264, 1266 (Fla. 2d DCA 2013).

As to the gemstones, Duncan argues that the State failed to present competent, substantial evidence of the value of the gemstones because the victim's estimate was based on hearsay—the catalog listing various gemstones and their prices. See Allen, 162 So. 3d at 1056; Phillips v. State, 141 So. 3d 702, 705 (Fla. 4th DCA 2014).  But Duncan did not object to the trial court's admission of the catalog based on hearsay, despite his assertion to the contrary in the initial brief.  And "[h]earsay evidence may be used to determine the amount of restitution if there is no objection to the evidence."  Allen, 162 So. 3d at 1057 (quoting Williams v. Sate, 850 So. 2d 627, 628 (Fla. 2d DCA 2003)).

Duncan did, however, object to the catalog's admission because the victim's testimony did not establish that the victim owned all of the gemstones that she identified in the catalog to establish an estimate of value.  In that regard, Duncan argues that the victim did not know exactly how many gemstones she had, exactly which gemstones she had, or the size or clarity of each gemstone; the gemstones were never appraised and were not covered by insurance.  As such, Duncan contends that the

- 5 -

victim's testimony as to value was insufficient because it was based on speculation and guesswork, and it lacked a sufficient predicate.

The general rule that the victim is qualified to testify regarding the fair market value of his or her stolen property is subject to evidentiary requirements. D.E.M., 109 So. 3d at 1232. "Guesstimates and speculative testimony are inappropriate evidence on which to base an award of restitution." Id. (quoting Bennett v. State, 944 So. 2d 524, 526 (Fla. 4th DCA 2006)); accord Fernandez, 98 So. 3d at 732. The victim was only able to approximate the number of gemstones, give examples of some of the types of gemstones she had, and speculate as to other types she may have had; the victim could not otherwise provide any specific information, such as the quantity of each type of gemstone, the size of each gemstone, the cut of each gemstone, or the clarity of each gemstone. The picture admitted into evidence depicted some but not all of the actual gemstones the victim had inherited from her brother. And while the victim testified that she was present when her brother purchased some of the gemstones from the catalog, she could not remember which ones because her brother purchased the gemstones over nineteen years ago.

"[B]asic fairness seems to dictate that the owner should be required, at a minimum, to identify what property has been lost so that the trier of fact may reasonably determine the value of the stolen items." Hunter v. State, 48 So. 3d 174, 175 (Fla. 4th DCA 2010) (alteration in original) (quoting Fisher v. State, 722 So. 2d 873, 874 (Fla. 1st DCA 1998)). In Fisher, just as in this case, the victim was unable to identify all of the property that was stolen. See Fisher, 722 So. 2d at 874 (reversing the restitution order because the victim was unable to identify all of the jewelry that was stolen); see also

Gonzalez v. State, 948 So. 2d 892, 895 (Fla. 5th DCA 2007) (relying on Fisher and reversing the restitution order because the victim "was unable to adequately identify and value several of the stolen items[] and even admitted that she could not remember everything that was stolen"). "Although the trial court is granted discretion in determining a restitution amount to make the victim whole, here, there was no competent, substantial evidence to support the trial court's award of restitution [for the gemstones]." Gonzalez, 948 So. 2d at 895; see also J.L.C. v. State, No. 2D14-3241, 2016 WL 1366456, at *1 (Fla. 2d DCA Apr. 6, 2016) (reversing restitution order where the victim's testimony regarding the value of the loose change in the stolen jug "was, at best, an estimated guess"); Fernandez, 98 So. 3d at 732 (reversing restitution order based on the victim's speculative testimony).

We agree with the State that the trial court was "not tied to fair market value as the sole standard for determining restitution amounts" since the gemstones and even the antique rifles could reasonably be viewed as family heirlooms. Molter v. State, 892 So. 2d 1115, 1118-19 (Fla. 2d DCA 2004) (quoting Hawthorne, 573 So. 2d at 333, 333 n.4). Nonetheless, the restitution award still must be supported by competent, substantial evidence.

Accordingly, we reverse the restitution order in part and remand for a new restitution hearing to determine the value of the antique rifles and gemstones.[1]

---

[1]Given the evidentiary standard in restitution proceedings and the fact that a victim may not be aware of the documentation necessary to support his or her loss, we again encourage the State to act more diligently in such matters and to prepare the necessary evidence in advance of the restitution hearing so that the process is more effective. See Walentukonis v. State, 932 So. 2d 1136, 1137-38 (Fla. 2d DCA 2006) (Villanti, J., specially concurring).

Reversed and remanded.

KELLY and MORRIS, JJ., Concur.