IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


J.J.N., A CHILD,

      Appellant,

 v.                                   Case No.  5D16-2404

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 31, 2017

Appeal from the Circuit Court
for Orange County,
Gail A. Adams, Judge.

James S. Purdy, Public Defender, and
Steven N. Gosney, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Lori N.  Hagan, Assistant
Attorney General, Daytona Beach, for
Appellee.


EDWARDS, J.

      J.J.N., a child, ("Appellant") pleaded no contest to one count of burglary of a

dwelling and one count of grand theft of a motor vehicle.  Appellant was ordered to pay

restitution to the victim.  Appellant disputes the trial court's valuation of the foreign

currency stolen from the victim, but does not contest the remainder of the restitution order.

Appellate courts review restitution orders for abuse of discretion. *See Koile v. State*, 934 So. 2d 1226, 1229 (Fla. 2006). The evidence for a restitution order "must be competent and substantial." *J.L.C. v. State*, 189 So. 3d 260, 261 (Fla. 2d DCA 2016). "[A] mere 'guesstimate' of value . . . does not constitute competent, substantial evidence that will support a restitution order." *Id.* at 262; *see also Duncan v. State*, 192 So. 3d 654, 657 (Fla. 2d DCA 2016); *Gonzalez v. State*, 948 So. 2d 892, 895 (Fla. 5th DCA 2007).

Here, the victim's testimony at the restitution hearing provided a sufficient evidentiary basis, rather than a "guesstimate," for a value ranging from a minimum of $2000, based on ten envelopes each containing foreign currency worth approximately $200, to a maximum value of $3600, based on twelve envelopes, each containing $300 worth of foreign currency. However, the victim's testimony did not support the trial court's finding that Appellant stole $5000 in foreign currency.

On the lone issue appealed, we reverse and remand for a new restitution hearing solely to determine the value of the foreign currency that Appellant stole from the victim and for entry of a new restitution order, consistent with this opinion. *See Duncan,* 192 So. 3d at 658.

REVERSED AND REMANDED.

COHEN, C.J. and TORPY, J., concur.