DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

K.L.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-2298
_____

June 6, 2025

Appeal from the Circuit Court for Pinellas County; Kimberly Campbell,
Judge.

Blair Allen, Public Defender, and Clark E. Green, Assistant Public
Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Marena S. Ramirez,
Assistant Attorney General, Tampa, for Appellee.

VILLANTI, Judge.

K.L. appeals the restitution ordered by the juvenile delinquency
court following K.L.'s guilty plea to one count of grand theft of a motor
vehicle and one count of obstructing or resisting without violence. We
have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A); 9.145(b)(2).

The only issues on appeal are whether the juvenile court erred in
ordering $4,000 for depreciation to the stolen vehicle for damage
incurred during the theft and $1,784 for lost wages for two days of work
the victim lost between the theft and recovery of the vehicle. We affirm

the restitution order as to the lost wages without further discussion, but we reverse for reconsideration of the depreciation amount for the reasons set forth below.

K.L. correctly argues the $4,000 depreciation amount was based exclusively on the victim's hearsay testimony. At the restitution hearing, and over the objections of counsel for K.L., the victim testified that "[a]nytime that insurance is involved in one of these accidents, a CARFAX report is written and the vehicle will lose its value compared to a vehicle that has not been in an accident." The victim testified:

> I have multiple friends that are within the sales industry . . . who were able to determine the value of my truck at the time prior to the accident and just after the accident. And both of these places I talked to were able to tell me that my truck was worth around . . . 40,000 to $45,000 at the time and they took about 10 percent off of that and—and that's where I was able to come up with the number of 4,000.

On cross-examination, the victim testified that the depreciation estimate came from discussions he had with two friends who are managers of auto dealers in the panhandle. The victim testified that these friends reviewed the bill paid to the repair shop by his insurance company and reviewed pictures of his truck.

That was the victim's sole basis for determining his depreciation loss to the vehicle, and all of it was hearsay.

"We review a circuit court's determination of property value within a restitution order for abuse of discretion." *J.L.C. v. State*, 189 So. 3d 260, 261 (Fla. 2d DCA 2016) (first citing *Danzey v. State*, 186 So. 3d 1064 (Fla. 2d DCA 2016); and then citing *State v. Shields*, 31 So. 3d 281, 282 (Fla. 2d DCA 2010)). The State bears the burden of proving the amount awarded in restitution by a preponderance of the evidence. *Lewis v. State*, 288 So. 3d 1232, 1234 (Fla. 2d DCA 2020) (citing *Gilileo v.*

2

*State*, 923 So. 2d 612, 614 (Fla. 2d DCA 2006)). "Restitution must be proved by substantial competent evidence." *Id.* (quoting *Gilileo*, 923 So. 3d at 614).

Section 985.437(2)(b), Florida Statutes (2023), allows the consideration of hearsay evidence in determining restitution, provided the court "finds that the hearsay evidence has a minimal indicia of reliability." *See also* § 775.089(7)(c), Fla. Stat. (2023).

Here, the victim merely testified that based on documents that were not offered into evidence, unidentified third parties told him the value of his truck was between $40,000 and $45,000 and the damage and repairs had diminished that value by approximately ten percent.

While the juvenile court could consider hearsay evidence in determining the value of the truck, the victim's hearsay testimony here failed to meet the minimal indicia of reliability section 985.437(2)(b) requires. *See McKown v. State*, 46 So. 3d 174, 175 (Fla. 4th DCA 2010) (holding that hearsay bank statement summaries used by the State to prove restitution award lacked sufficient reliability). Accordingly, the juvenile court abused its discretion in ordering the $4,000 in restitution, and we must reverse the restitution order and remand to the juvenile court for a new evidentiary hearing on depreciation of the vehicle. In all other respects we affirm.

Affirmed in part; reversed in part; remanded for further proceedings.

KELLY and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

3